## Commonwealth ex rel. Collins v. Collins, Appellant.

Submitted September 9, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Marshall L. Grabois,* and *Bean, DeAngelis, Kaufman & Kane,* for appellant.

*Joseph P. Lynch,* and *DiGiacomo & Lynch,* for appellee.

Opinion by Cercone, J., December 11, 1974:

This is an appeal by the husband, Donald Collins, from an order of support in the amounts of $40.00 per week for his wife, Elizabeth, and $30.00 per week for their youngest son, Kevin. Mr. Collins contends that the order is excessive and presents either an abuse of discretion or a misinterpretation of the law on the part of the lower court.

The guide for our review in appeals from the denial of support orders is that we will not disturb a support order unless there is a clear abuse of discretion by the court below in fixing the award, or unless the order is based upon a misinterpretation of the law. *Hecht v. Hecht,* 189 Pa. Superior Ct. 276 (1959). In addition it is well established that the purpose of a support order is to provide a satisfactory allowance for the support and maintenance of the wife and child, not to punish the husband. Therefore, reasonable allowances must be made for the husband's living expenses. See generally 24 Am. Jur. 2d, Divorce & Separation §§553-54 & 839; Annot., 1 A.L.R. 3d 280, 290 & 335. When we apply those principles to the facts of the instant

case, however, we conclude that the support award established by the lower court is excessive and must be modified.

Mr. and Mrs. Collins were married in 1946 and have four children; all of whom, with the exception of Kevin, have obtained their majority and are not, therefore, included in the support order.[1] During the course of their marriage, Mr. Collins served twenty-two years in the Navy, and retired with the rank of Lieutenant Commander. During World War II he flew as a carrier pilot and earned two air medals.

In September of 1973 Mr. Collins moved out of the family residence in Montgomery County. Mrs. Collins, however, continues to reside in the home with two of her sons, Kevin and Donald. Donald, who is twenty-three years old, had recently resigned from the Air Force at the time of the hearing and was not then gainfully employed.

Mr. Collins is a 49-year-old Navy pensioner, and as such receives a weekly income, net taxes, of $108.00. In addition, he also nets $72.00 per week as a self-employed real estate broker, a career he launched three years ago. The evidence indicates, however, that Mr. Collins since his retirement from the Navy has not been working at nearly his full potential or capacity. He failed at numerous jobs prior to his entry into the real estate business; and, despite the currently unstable condition of this latest enterprise, he still finds considerable time to spend away from his office playing

---

[1] The Collins' daughter, Mary Beth, is a twenty-one year old senior at California State College in California, Pennsylvania. Support for her was requested at the hearing below but was denied by the trial court. Under a prior support agreement between Mr. and Mrs. Collins, which was replaced by the instant order, some allowance for Mary Beth's support was considered in establishing the agreement at $50.00 per week. The lower court's denial of support for Mary Beth was not appealed, however.

golf. The evidence fairly implies that with more dedicated attention to his business affairs Mr. Collins could considerably enhance his income. Nevertheless, Mr. Collins continues to pay the mortgage, insurance and taxes on the family home which is owned by his wife and him as a tenancy by the entireties. He also pays the heating and electricity bills for the home. These expenditures amount to $54.00 per week. Finally, although Mr. Collins estimated his weekly expenses to be $180.00, the court below obviously did not believe his testimony.[2]

Mrs. Collins has been employed for the last $8\frac{1}{2}$ years as a clerk for the telephone company. Her salary for that job nets her $129.00 a week, $34.00 of which she faithfully deposits in her credit union account. At the hearing she alleged and proved expenses of $175.00 per week. These expenses, however, included those incurred in supporting Kevin and Donald, and a $5.00 weekly allowance for their twenty-one year old daughter in college.

Tabulating all these figures for both Mr. and Mrs. Collins, including the total support order of $70.00, we have the following:

Mrs. Collins

| | |
|---|---:|
| Net Weekly Income | $129.00 |
| (inc. $34.00 per week savings) | |
| Support for Mrs. Collins per week | 40.00 |
| Support for Kevin Collins | 30.00 |
| Total weekly income | $199.00 |
| Less expenses (including Kevin and Donald) | —175.00 |
| Total Surplus | $ 24.00 |

---

[2] Mr. Collins did not file an itemized list of expenses, so it is impossible for us to estimate what his reasonable weekly expenses might be.

## Mr. Collins

| | |
|---|---:|
| Net Weekly Income (pension) | $108.00 |
| Net Weekly Income (brokerage) | 72.00 |
| | |
| Total Weekly Income | $180.00 |
| Less mortgage, tax and insurance per week | —40.00 |
| Less electricity for family residence per week | — 6.00 |
| Less heat for family residence per week | — 8.00 |
| | |
| Total available income for support | $126.00 |
| Less support for Mrs. Collins | —40.00 |
| Less support for Kevin Collins | —30.00 |
| | |
| Total income available for himself | $ 56.00 |
| Less expenses | ? |
| Total Deficit | ? |

This tabulation rather clearly indicates the substance of our difficulty with the support order of the lower court. As the support award now provides, Mrs. Collins will have $199.00 per week available for the support of herself and Kevin, $24.00 more than the total claimed expenses for maintaining her household, and part of which inured to the benefit of Donald. On the other hand, Mr. Collins will only have $56.00 available for the support and maintenance of himself. This result is clearly unconscionable. The support award alone constitutes more than 38% of Mr. Collins' net income. Coupled with Mr. Collins' payments of the mortgage, insurance, taxes and utilities on the family residence, his actual support soars to more than 68% of his net income and leaves him virtually impoverished.[3]

---

[3] The evidence indicates that for six months, Mr. Collins lived in his one room office and slept on the couch. He owns no car, and now resides with an aunt in West Conshohocken. He expressed an interest in moving into an apartment.

While we recognize the fact that a wife's gainful employment does not ordinarily deprive her of her right to support, that fact must be given proper weight in establishing the amount of support order: *Commonwealth ex rel. McCuff v. McCuff*, 196 Pa. Superior Ct. 320 (1961); *Commonwealth ex rel. Lazarou v. Lazarou*, 180 Pa. Superior Ct. 342 (1956). As our court stated in *Commonwealth ex rel. Borrow v. Borrow*, 199 Pa. Superior Ct. 592, 595 (1962): "A husband should not be compelled by law to live on $96 per week in order that his wife can live on $165 per week." In the instant case, the lower court's order established that Mr. Collins should live on $56.00 per week, so that his wife and seventeen year old son might live on $199.00 per week, plus housing and utilities. We will therefore adjust the award to better reflect the needs and circumstances of all the parties.

If we reduce the weekly support of Mrs. Collins by $24.00, her income and expenses will balance. It will also increase Mr. Collins' expendable personal income to $80.00. While a substantial discrepancy will still remain between the living standards of Mr. and Mrs. Collins, this difference would be substantially reduced, if not completely eliminated, by Mr. Collins' more serious attention to his business affairs. That factor may properly be considered in establishing support. See 24 Am. Jur. 2d, Divorce & Separation §§556; Annot., 1 A.L.R. 3d at 197. We also note that the adjustment comports with the $50.00 support payments Mr. and Mrs. Collins negotiated prior to the hearing. See note 1, supra.

Mrs. Collins' support is reduced from $40.00 per week to $16.00 per week. Kevin Collins' support remains at $30.00 per week.

It is so ordered.

WATKINS, P. J., and JACOBS, J., dissent.