Palley, Appellant, *v.* Lazarus, et ux., et al.

Argued December 3, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Lionel B. Gumnit*, for appellant.

*Wallace B. Eldridge, III*, with him *William H. Nast, Jr.*, and *Cleckner & Fearen*, for appellees.

OPINION BY WATKINS, P. J., September 22, 1975:

This is an appeal from the order of the Court of Common Pleas of Dauphin County, Civil Division, opening a default judgment in favor of the plaintiff-appellant, Jewellry Reese Palley, and against the defendants-appellees, Stokes S. Lazarus and Sandra C. Lazarus, his wife.

The facts are as follows: On November 11, 1972 service of the complaint was made upon the appellees. On December 1, 1972 an appearance was entered for appellees and their counsel wrote and requested an exten-

sion of time to file responsive pleadings because the appellee Stokes Lazarus, who had full knowledge of the case, was hospitalized. Counsel for the appellant agreed to an extension to January 2, 1973.

On December 27, 1972, appellees' counsel sought a further extension because of the health condition of Lazarus. This was refused and the appellees advised that of the answer was not filed by January 2, 1973 a default judgment would be taken.

On January 3, 1973 the default judgment was entered. On January 9, 1973 the appellees filed a petition to open the judgment but failed to set forth a meritorious defense to the action. After argument, the court below denied the petition to open on December 13, 1973. On January 4, 1974 a petition for reargument was filed. This was granted with directions to depose the defendant Stokes S. Lazarus and others. After reargument the default judgment was directed to be opened on March 18, 1974. This appeal followed.

The deposition of Stokes S. Lazarus, his attorney, his doctor and psychiatrist confirmed the fact that Lazarus had been in and out of mental institutions from December, 1972 until shortly before his deposition and was unable to properly consult with his attorney concerning the transaction of his defense.

A petition to open a default judgment is an appeal to the equitable powers of the court, and its disposition of the petition will not be disturbed on appeal unless a clear abuse of discretion is shown. *Nilles v. Guiden*, 419 Pa. 271, 214 A. 2d 233 (1965) ; *Carlson v. Sherwood*, 416 Pa. 286, 206 A. 2d 19 (1965). The question raised by the appeal is whether the grant of reargument and the decision opening the judgment was an abuse of discretion by the court below.

The court below found, and we agree, that the petition was promptly filed, that a valid reason for failure to file responsive pleadings in time was proven and a meritori-

ous defense of claim of payment was pleaded. All requirements for opening the judgment have been met. We find that under the facts and circumstances of this case the court below did not abuse its discretion in opening the default judgment.

The order of the court below opening the default judgment is affirmed.

HOFFMAN, J., did not participate in the consideration or decision of this case.