407 A.2d 39

**David W. BOLLINGER, t/a Bollinger Electric**

v.

**David F. CRESSMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided July 13, 1979.

Robert O. Van Horn, Allentown, for appellant.

Malcolm J. Gross, Allentown, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

The instant appeal is brought from the order of the Court of Common Pleas of Lehigh County, Civil Division, denying appellant's petition to open a default judgment. For the reasons stated herein, we affirm that order dated July 5, 1977.

The facts giving rise to this appeal are as follows. On September 24, 1976, appellee filed a complaint in assumpsit against appellant. The suit arose out of electrical sub-contracting work performed by appellee for Cressman Development Corporation, a construction corporation of which appellant was president. Appellant was also involved in two other corporate ventures, D. F. Cressman Contracting Corporation and Lone Pine Estates Corporation. He was personally served with the complaint at his home by a deputy sheriff on September 27, 1976. Appellant examined the complaint, noticed that it listed David F. Cressman as the defendant, and included copies of the invoices for the electrical work performed by appellee; although the work was allegedly performed for Cressman Development Corporation, the invoices listed appellant as the debtor. He concluded, however, that since the work was performed for the corporation, he could not be held personally liable. Because Cressman Development Corporation was bankrupt, appellant took the complaint into the house and simply "put it away." He neither referred the complaint to corporate counsel, as he had on two prior occasions when he was served in his capacity as a corporate officer and when the corporations in question were viable entities, nor did he discuss the complaint with any of the other officers of Cressman Development Corporation. On October 28, 1976, a default judgment in the amount of $35,521.85 was entered against appellant for failure to file an answer. Appellant received notice of the entry of that judgment on October 29, 1976. At that

time, he retrieved the complaint and displayed it to the other officers of the corporation, who ventured an opinion that appellant could be held personally liable on the complaint; this suspicion was confirmed when appellant met with his attorney on November 2, 1976. By letter dated November 6, 1976, appellant's counsel requested that appellee voluntarily strike the judgment; appellee refused in a letter dated November 17, 1976.

On November 29, 1976, appellant filed a petition to open the default judgment. Appellee thereafter filed an answer, depositions were taken and the matter argued orally before the court. On July 5, 1977, the court below filed an order denying appellant's petition to open the judgment. In his petition, appellant claimed that because he thought the complaint was directed to Cressman Development Corporation and that he could not be held personally liable, this properly excused his failure to answer appellee's complaint. The court below found otherwise, and we agree.

■■■ The principles applicable to this appeal are well established. A petition to open a default judgment is an equitable proceeding, *see, e. g., Wenger v. Ziegler,* 424 Pa. 268, 226 A.2d 653 (1967); *Thorn v. Clearfield Borough,* 420 Pa. 584, 218 A.2d 298 (1966), and will not be reversed absent an abuse of discretion. *See, e. g., Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Greater Finance Co. v. Harris,* 245 Pa.Super. 8, 369 A.2d 266 (1976). A petition to open will not be granted unless three conditions are met: (1) the petition to open must be promptly filed; (2) the defendant must establish a meritorious defense; and (3) the failure to file a timely answer must be reasonably excused. *See, e. g., Broad Mountain Club, Inc. v. Lazur,* 461 Pa. 668, 337 A.2d 599, *cert. denied,* 423 U.S. 1020, 96 S.Ct. 458, 46 L.Ed.2d 392 (1975); *Ruczynski v. Jesray Const. Corp.,* 457 Pa. 510, 326 A.2d 326 (1974). All of these criteria must be met, and the failure to satisfy all of them requires the denial of the petition to open.

■ The court below found that appellant failed to establish any of these criteria. We need not pass upon the first two criteria since it is clear that the petition to open was properly denied based solely upon the failure of appellant to establish an excuse for the failure to file a timely answer.

First, we think it pertinent to observe that this is not representative of the "snap" judgments that we have previously condemned, as where judgment is taken on the twenty-first day after service. Appellee herein did not take judgment until a month had passed from the time of service.

Further, the record clearly establishes that appellant read the complaint and attached invoices and was aware that they referred to him individually and not the corporation. He thereafter consciously set the papers aside and completely ignored them until shortly after the default judgment was taken on October 28, 1976. Appellant's testimony in this respect was as follows:

"Q. How did you come to be served?

A. A Deputy Sheriff James Williams served it.

Q. On you personally?

A. Yes. (R50a)

.   .   .   .   .

Q. Now, you knew at the time he was a Deputy Sheriff. Is that right?

A. Yes.

Q. And, what did you do with those papers after you got them?

A. I took them in the house, and then later on I picked them up and looked what it was and put it away.

Q. You did look at what it was?

A. Yes.

Q. Now, when you looked at what it was, did you see any reference to Cressman Development Corporation on those papers?

A. No.

Q. You didn't see that name at all?

A. Not that I recall, no.

Q. Was the name D. F. Cressman Contracting Company on there?

A. I don't recall. (R50–51a)

. . . . .

Q. What do you recall about those papers that Mr. Williams gave you?

A. That I had them I went over the invoices that were there—that were attached. There was a copy of an invoice, okay. I went over that quickly, and I says well, this is for the corporation, and I put it away at the time. (R51a)

. . . . .

Q. Do you see Cressman Development Corporation anywhere on those invoices?

A. No.

Q. What name is on those invoices?

A. David Cressman. (R52a)

. . . . .

Q. Now, what did you do with that Complaint, David?

A. Put it away.

Q. You put it away. Now, why did you put it away?

A. Because it was a complaint—it was a suit which I thought was against the corporation and not me." (R21a)

We note also that the instant proceeding does not involve a situation in which appellee intentionally perpetrated a fraud or misrepresentation upon appellant or lulled him into a false sense of security that he could ignore the complaint with impunity. The complaint and attached invoices were clearly labeled with appellant's name, and made no mention of any of the corporations with which appellant was associated. Appellant's failure to respond to the complaint was a conscious and deliberate act, albeit based upon an erroneous assumption regarding his personal liability. The falsity of this assumption could have easily been dispelled if appellant had contacted counsel or presented the complaint to the other corporate officers. Although a petition to open is addressed to the equitable powers of the court, *see, e. g.,*

*Wenger v. Ziegler, supra; Thorn v. Clearfield Borough, supra,* the equitable maxim of vigilantibus et non dormientibus jura subveniunt[1] is especially appropriate in this case. We must conclude that given appellant's blatant disregard for his responsibilities, particularly in light of his involvement in the business world and the affairs of several corporations, the evidence clearly supports the finding of the court below that appellant failed to reasonably explain his failure to answer appellee's complaint. *Cf. Greater Finance Co. v. Harris, supra* (defendant ignored complaint, notice of default judgment, writ of execution and failed to obtain registered letter from post office); *Carducci v. Albright Galleries, Inc.,* 244 Pa.Super. 48, 366 A.2d 577 (1976) (defendant's corporate officer misunderstood date on which answer required).

Order of the lower court affirmed.

---

1. The law aids those who are vigilant, not those who sleep upon their rights.