408 A.2d 869

**DICO COMPANY, INC.**

v.

**John NOVAK and Gladys Novak, his wife, Appellants.**

Superior Court of Pennsylvania.

Submitted March 12, 1979.

Filed Aug. 16, 1979.

Reargument Denied Dec. 10, 1979.

442

D. Patrick Zimmerman, Lancaster, for appellants.

Michael W. King, York, for appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

LIPEZ, Judge:

Appellee filed a Complaint in Assumpsit against appellants on September 2, 1976. Appellants' motion for more

specific pleading was granted, and appellee filed an Amended Complaint on July 22, 1977. Appellants made no response thereto, and a default judgment was taken against them on September 28, 1977. Their Petition to Open Judgment, filed November 3, 1977, was denied by the court below.

For a court to open a judgment, the following conditions must be met: (1) the petition to open was filed promptly; (2) a reasonable excuse is given for the failure to respond; and (3) the petitioner presents a meritorious defense. *Sprouse v. V. F. W. Post 7155*, 237 Pa.Super. 419, 352 A.2d 134 (1975). Such a petition is an appeal to the court's equitable discretion. *Int'l Equity Corp. v. Pepper and Tanner, Inc.*, 222 Pa.Super. 118, 293 A.2d 108 (1972).

## I. Gladys Novak

We conclude that appellant Gladys Novak's petition to open the judgment was filed promptly. The default judgment was entered September 28, 1977. Appellants' original attorney, Mark Woodbury, III, Esquire, had been on vacation prior thereto, and did not return until October 7, 1977. By that time, appellants had engaged D. Patrick Zimmerman, Esquire, to represent them. Sometime between October 7 and 18, Zimmerman telephoned Woodbury asking for information concerning the case. Zimmerman also made the same request by letter on October 19. Woodbury forwarded the requested information by mail on October 17. Appellants met with Zimmerman in his office on Sunday, October 30, and the petition was filed November 3, less than a week after Zimmerman had received the necessary information. *See Sprouse v. V. F. W. Post No. 7155*, supra.

Gladys Novak's failure to respond to the complaint is excused by the conduct of Woodbury and her husband, which lulled her into a false sense of security concerning the matter. She testified, on deposition, that Woodbury had told her in a telephone conversation that "it was important that [Mr. Novak] get ahold of him because he has every

reason to assume that [she] would be taken off of it." Woodbury indicated to her that the outlook, as far as she was concerned, was quite favorable. She said that her husband had replied, "I'll take care of it," after she had informed him of Woodbury's telephone call. Woodbury testified that his communications, written and telephonic, with Mrs. Novak had been only for the purpose of having her remind her husband to see the attorney regarding the suit. Woodbury felt that Mrs. Novak would have been of no assistance in preparing responsive pleadings, and that even her signature thereon would have been unnecessary. He never asked her to come into his office in order to discuss the matter, or to take any steps to protect her interest. We think therefore that she has shown a state of facts which reasonably excused her failure to respond. *See Ruggiero v. Phillips*, 250 Pa.Super. 349, 378 A.2d 971 (1977); *Webb Sons Co. Inc. v. Webber*, 23 D & C 2d 568, aff'd, 194 Pa.Super. 614, 169 A.2d 604 (1961).

The defense she alleges is meritorious. She claims that she has never been involved with her husband's business in any way, and had no interest in the transactions that are the subject of appellee's suit. The record as appears before us does not contradict her assertion. We conclude, therefore, that the court below abused its discretion in refusing to open the judgment as to Mrs. Novak. "The equities of the situation require that the judgment be reopened." *Ruggiero v. Phillips*, supra.

## II. John Novak

■ We have already decided above that the petition was promptly filed. Mr. Novak's failure to respond to the Amended Complaint is, however, inexcusable. The Amended Complaint was filed on July 22, 1977, and served on Woodbury on July 23. Woodbury wrote to Mr. Novak on August 3, informing him that responsive pleadings were due August 12, and asking him to set up an appointment. Mr. Novak made no response to the letter. Woodbury then requested from, and was granted by, appellee's counsel an extension of time to file a response. Mr. Novak then agreed

to meet with Woodbury on August 30, but did not keep that appointment. His only explanation for failing to see his attorney was that he was working that day. He was "almost certain" that he had advised Woodbury that he would be unable to keep the appointment, but Woodbury had no recollection or record of any such communication. Woodbury then made the above-mentioned telephone call, in which he spoke with Mrs. Novak and urged her to remind her husband of the necessity of seeing him so that an Answer could be filed. There being no response from Mr. Novak, Woodbury, on September 15, informed appellants by certified mail that no further extension would be granted and that a default judgment would be taken unless responsive pleadings were filed by September 26. Mr. Novak did not respond to this letter, and the judgment was entered September 28, 1977.

Mr. Novak's assertion that he was so upset by the firebombing of his truck and by a number of threatening phone calls that he could not give proper attention to the suit lends his cause no succor. The truck was burned on September 8, 1977, and the phone calls began shortly thereafter. These incidents therefore do not explain his dilatory conduct prior to that date. He conceded that there was no reason for his failure to contact Woodbury before September 8. He did not testify to any sort of actual inconvenience after the bombing which would have prevented his scheduling the necessary meeting with his attorney. *Compare Palley v. Lazarus*, 235 Pa.Super. 433, 344 A.2d 536 (1975) (defendant had been in mental hospital and unable to consult effectively with his attorney).

The judgment must be reduced, however because of miscalculations by appellee. The invoices, made part of the record, show that the total price of the goods involved was $23,507.38 rather than $23,497.38 as calculated by appellee. The Amended Complaint allowed a credit of $261.00 (on a return to appellee of 26,100 pounds of goods at 10 cents). In its brief, appellee concedes that the credit should have been in the amount of $2,610.00. The alleged contract price less

the amount of the credit leaves a claimed balance due of $21,347.38.

The order of the court below is modified by reducing the amount of the judgment to $21,347.38, and, as modified, is affirmed as to Mr. Novak; the order is reversed and the cause remanded as to Mrs. Novak to allow her to proceed to a defense on the merits.