418 A.2d 352

Helene E. HUTCHISON, Appellant,

v.

Robert D. HUTCHISON.

Superior Court of Pennsylvania.

Submitted April 9, 1979.

Filed Jan. 4, 1980.

Brian H. Baxter, Pittsburgh, for appellant.

Stewart B. Barmen, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

Helene E. Hutchison appeals from an order which opened two judgments entered for arrearages accumulated under an order entered against Robert D. Hutchison for the support of two children. We affirm.

The parties were married on December 8, 1956 and divorced by a Nevada decree entered on December 19, 1972. Subsequently, they entered a property settlement agreement which required, inter alia, that appellee pay monthly the sum of $250.00 for the support of two children born of the marriage. In an action instituted by appellant in Washington County, the Court of Common Pleas there entered an order on June 7, 1973 which required appellant to comply with the agreement of January 15, 1973. This Court affirmed the order per curiam on January 3, 1974. *Hutchison v. Hutchison*, 228 Pa.Super. 793, 315 A.2d 283 (1974).

Meanwhile, on July 11, 1973, appellant caused an action for the support of the children to be instituted in Allegheny County. That Court, on August 21, 1973, entered an ex parte order directing appellee to pay support for his two children at the rate of $500.00 per month. On August 28, 1973, however, the Court granted appellee's petition to vacate the order and scheduled a "rehearing" for September 5, 1973. On his petition, appellee specifically referred to the order which had been entered in Washington County and the appeal which was then pending in the Superior Court. On August 31, 1973, the rehearing was continued "until such time as is mutually convenient for the above captioned parties".

On September 14, 1973, appellee moved to Las Vegas, Nevada, where he has continued to reside until the present time. On November 21, 1973, after appellee had left the state of Pennsylvania and before determination of the appeal from the Washington County order, appellant was able to obtain from the Family Court in Allegheny County another ex parte order which retroactively reinstated the earlier order directing appellee to pay the sum of $500.00 per month. The order of November 21, 1973 was entered with-

out notice to appellee. He has also alleged that he failed to receive notice of the order after it had been entered. Meanwhile, he continued to pay $250.00 per month as required by the Washington County order.

On February 9, 1976, appellant filed in Allegheny County a petition for rule to show cause why judgment should not be entered against appellee for arrearages which had accumulated under that Court's order. Appellee's counsel of record was permitted to withdraw his appearance after he told the Court that he did not have appellee's address and had not represented appellee for two years. Appellant was directed by the Court to effect service on appellee, but appellant did no more than send a copy of the petition and rule to appellee's last address in Pennsylvania where she knew appellee had not lived for more than two years. Nevertheless, on March 22, 1976, the Allegheny County Court entered judgment against appellee for $15,500.00. Notice of this order was not given to appellee until November 8, 1976, when appellant's counsel sent a form letter demanding payment of the judgment in full within ten days. The letter was sent to appellee at his correct address in Nevada. However, it did not recite the basis for the judgment. When appellee did not respond, appellant commenced an action in Nevada to enforce her Pennsylvania judgment. A complaint was served on appellee in Nevada on February 23, 1977. He immediately employed counsel who took steps to resist appellant's claim. Nevertheless, on August 10, 1977, the Nevada Court gave full faith and credit to the Pennsylvania judgment and declined to review the circumstances which had produced it. Thereupon, appellee took leave from his employment and returned to Pennsylvania, where he obtained counsel and moved to open the judgment entered in Allegheny County. His petition was filed September 23, 1977. At the same time, he moved to open a second judgment which had been entered against him for arrearages of $21,750.00 on April 5, 1977. This order had also been entered ex parte and without notice. The lower court's order opened both judgments.

■ A petition to open a judgment is an appeal to the equitable powers of a court. *Kennedy v. Black*, 271 Pa.Super. 454, 413 A.2d 1104 (1979). A decision to open a judgment will not be reversed on appeal unless there has been an error of law or a clear abuse of discretion. *Kennedy v. Black*, supra; *Dico Company, Inc. v. Novak*, 268 Pa.Super. 441, 408 A.2d 869 (1979); *St. Joe Paper Company v. Marc Box Co., Inc.*, 260 Pa.Super. 515, 394 A.2d 1045 (1978). For a court to open a judgment, three conditions must be met: (1) the petition to open must have been filed promptly, (2) a reasonable excuse must be given for the failure to respond, and (3) a meritorious defense must be shown. *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1974); *Dico Company, Inc. v. Novak*, supra; *Bollinger v. Cressman*, 267 Pa.Super. 535, 407 A.2d 39 (1979); *B. C. Y., Inc., Equipment Leasing Associates v. Bukovich*, 257 Pa.Super. 121, 390 A.2d 276 (1978).

■ It is clear in the instant case that appellee has a partial, if not a full, defense to appellant's claim, for he has made payments of approximately $7,836.00 under and pursuant to the order entered against him in Washington County. Cf. *Silverstein v. Silverstein*, 246 Pa.Super. 503, 371 A.2d 948 (1977). In addition, the repeatedly ex parte nature of the proceedings in Allegheny County raises sufficient issues pertaining to the validity of appellant's judgments, as well as the initial support order, to suggest the presence of a meritorious defense.

Appellant's failure to give notice to appellee of her several petitions to reduce arrearages to judgment also serves to explain appellee's failure to appear and defend against the same. Indeed, even the original support order was entered without notice to appellee and at a time when an appeal from the Washington County order was unresolved.

■ Appellant argues, however, that appellee failed to act promptly to open the judgments entered against him. This requires that we focus on (1) the length of the delay between discovery of the judgment and filing the petition to

open, and (2) the reason for the delay. *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404 (1977). The lower court concluded that appellee had acted with reasonable promptness under the peculiar circumstances present in this case. We find no abuse of discretion in this result.

Initially, it must be recalled that appellee received no actual notice that an order of $500.00 per month had been entered against him until after a judgment had been entered against him for accumulated arrearages. The first judgment for $15,500.00 was entered on March 22, 1976, but appellee received no notice thereof until sometime after November 8, 1976. This first notice, moreover, was merely a form letter demanding payment of a judgment. It did not inform appellee of the basis for the judgment or instruct him that a support order had been entered against him in Allegheny County. After he became aware of the nature of the judgment, he acted immediately to obtain relief. It is suggested that appellee erred by resisting appellant's action to enforce the judgment in Nevada and that he should be charged with delay because he failed to proceed to open the judgment in Pennsylvania immediately and simultaneously. In retrospect, perhaps such a course may have been preferable. It is apparent, however, that after appellee became aware of the judgment he reacted promptly and reasonably. He engaged counsel and proceeded to resist the judgment which he then understood fully for the first time and which he considered, with some reason, to be inequitable and unfair. In the same manner, he resisted the judgment entered in Pennsylvania on April 5, 1977. The delay, attributable to the course of action selected by counsel, did not represent an affirmative decision by appellee to sleep on his rights, and he should not be charged with intentional delay as a result thereof.

Within forty-four days of an unfavorable decision in Nevada, appellee arranged for a leave of absence from his job, returned to Pennsylvania, and filed a petition to open the judgments entered against him in Allegheny County. Under the circumstances of this case, which are exceptional and

unfortunate, we conclude, as did the lower court, that appellee acted with reasonable promptness.

Certainly, the court did not abuse its discretion in permitting the judgments to be opened. Simple justice demands that at long last appellee be given an opportunity to be heard.

The order is affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Because I believe that the lower court abused its discretion in opening the two default judgments, I dissent. For the reasons which follow, I would reverse the order of the court below.

The majority concludes that the lower court did not abuse its discretion in opening the March 22, 1976, Allegheny County judgment. I disagree. First, I cannot agree with the majority that only after appellant instituted the action in Nevada to enforce the 1976 Allegheny County judgment did appellee fully understand that judgment. Although the majority correctly notes that the November 8, 1976, letter from appellant's attorney did not indicate the basis for the judgment, the record clearly demonstrates that appellee was aware that this judgment emanated from the Allegheny County support action. In a deposition taken pursuant to his petition to open, appellee stated that when he left Pennsylvania in 1973, he knew that the Allegheny County support proceeding had been continued indefinitely. In February, 1976, the attorney who had been representing appellee in the Allegheny County action filed a motion to withdraw. Appellee stated in his deposition that he received a copy of this motion.* On November 8, 1976, appellant's attorney mailed a letter to appellee at his Nevada address stating:

This is to advise you that we have been retained by your former wife, Helene, to represent her to obtain satisfac-

* The Allegheny County court subsequently granted the motion.

tion of the judgment entered against you in the State of Pennsylvania in the amount of $15,500.00. Please contact this office to make arrangements for payment upon this judgment within ten days from the date of this letter. Your failure to make such arrangements for payment will result in our being forced to file suit against you to enforce the payment of the judgment in this state.

Any doubt that appellee was not aware that the $15,500.00 judgment emanated from the Allegheny County support action is dispelled by appellee's concession in his deposition that he learned of the 1976 Allegheny County judgment when he received this letter. Additionally, appellee stated that upon receiving this letter, he gave it to his Nevada attorney. Thus, the delay from the time appellee discovered the default judgment until he filed a petition to open was more than ten months. The majority states that appellee acted reasonably in awaiting the decision of the Nevada court before attempting to open the judgment in Pennsylvania. Assuming, *arguendo*, that this course of action was reasonable, appellee has not explained why he did not file his petition during the more than three month interval from the time appellee received the letter from appellant's attorney until he was served with the complaint in the Nevada action. Petitions to open default judgments filed less than three months after discovery of entry of the default often have been held to be untimely. *See, e. g., McCoy v. Public Assistance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973) (dictum) (17 days); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973) (55 days); *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404 (1977) (63 days); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977) (47 days); *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 366 A.2d 577 (1976) (54 days); *Telles v. Rose-Tex, Inc.*, 233 Pa.Super. 181, 335 A.2d 440 (1975) (60 days). Accordingly, even without considering whether it was reasonable for appellee to await the decision of the Nevada court before attempting to open the judgment in Pennsylvania, the lower court clearly abused its discretion in opening the 1976 Allegheny County judgment.

Moreover, I cannot agree with the majority that appellee acted reasonably in waiting until the Nevada court reached its decision before seeking to open the 1976 Allegheny County judgment. Even if the Nevada court had refused to give full faith and credit to the Allegheny County judgment, that judgment would continue to remain valid in Pennsylvania. Thus, the decision of the Nevada court could not affect the necessity of filing a petition to open the 1976 Pennsylvania judgment. The majority states that "[t]he delay, attributable to the course of action selected by counsel, did not represent an affirmative decision by appellee to sleep on his rights, and he should not be charged with intentional delay as a result thereof." At 355. Our cases, however, hold that the failure to file timely a petition to open a default judgment is not excused on the ground that the delay was caused by the conduct of petitioner's attorney. *See, e. g., Van Horn v. Alper*, 253 Pa.Super. 524, 385 A.2d 462 (1978) (delay due to attorney's procrastination, dilatoriness, and forgetfulness); *Nevils v. Chernitsky*, 244 Pa.Super. 501, 368 A.2d 1297 (1976) (delay due to advice of an attorney consulted by appellant). *See also Smith v. Tonon*, 231 Pa.Super. 539, 331 A.2d 662 (1974). There is, therefore, no support in our case law for the majority's statement. Consequently, I would hold that because the delay from the time appellee learned of the 1976 Allegheny County judgment until he filed his petition to open was more than ten months, the petition was not timely filed, and the lower court abused its discretion in opening this judgment.

The majority also concludes that the lower court did not abuse its discretion in opening the April 5, 1977, judgment. I disagree. That judgment was entered while the Nevada action was pending. In his petition to open, appellee did not mention this judgment. Consequently, because appellee has offered no explanation for this default, thereby failing to satisfy one of the requirements for opening a default judgment, I must conclude that the lower court abused its discretion in opening this judgment.

Accordingly, I would reverse the lower court's order opening the March 22, 1976, and April 5, 1977, judgments.