422 A.2d 501

**Helene E. HUTCHISON, Appellant,**

**v.**

**Robert D. HUTCHISON, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 29, 1980.

Decided Oct. 31, 1980.

Gerald A. Kukitz, M. A. Nernberg & Laffey, Jr., Pittsburgh, for appellant.

Stewart B. Barmen, Susan Foreman Jordan, Rothman, Gordon, Foreman & Groudine, P.A., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

This is an appeal from an order of the Court of Common Pleas of Allegheny County opening a judgment against appellee Robert D. Hutchison. The judgment was entered for arrearages accumulated under an order against appellee for the support of appellant Helene E. Hutchison and the couple's two children. The protracted litigation and events which brought the case to this Court are as follows:

Appellant and appellee were married in 1956 and two children were born of the marriage. In September of 1972, appellee husband took a leave of absence from Westinghouse Electric Corporation, where he was employed as an engineer, and left his residence and domicile in Pennsylvania. He travelled to Clark County, Nevada, where he took up residence in a hotel/motel. After being there for three months and two days, he obtained a decree of divorce from the Eighth Judicial District Court of the State of Nevada. This divorce decree required appellee to pay appellant child support in the amount of $200.00 per month.

. Approximately two weeks later, appellee returned to Pennsylvania and his employment at Westinghouse Electric Corporation. Shortly thereafter, on January 15, 1973, appellee entered into a written separation agreement with appellant. This agreement, in contradiction of appellee's recently-obtained Nevada decree of divorce, referred to appellee and appellant as husband and wife and described appellee as being of Washington County, Pennsylvania. It provided in pertinent part: that the two could thereafter live separate

and apart; that appellee was to pay appellant $250.00 per month in child support; that appellee was to pay to appellant within 90 days the sum of $10,000.00 in full settlement of her marital rights and, failing the same, that the entire agreement was to become null and void; and that the agreement did not prevent either party from obtaining a decree of divorce.

On April 10, 1973, appellant commenced an action in divorce against appellee in the Court of Common Pleas of Washington County and, in conjunction with this action, petitioned for alimony pendente lite, counsel fees, and expenses.[1] Appellee raised the January 15th agreement as a defense. Although the $10,000.00 had not (and still has not) been paid, the court found for appellee and dismissed the petition, ordering appellant to comply with the agreement. Appellant appealed this order to the Superior Court, which affirmed per curiam on January 1, 1974.[2]

During the pendency of that appeal, on July 11, 1973, appellant commenced a support action against appellee in Allegheny County, where appellee was then residing. The action sought support for both appellant and the couple's two children. Appellee was personally served with the complaint but, nevertheless, failed to appear at the hearing

1. Appellee in his brief in this Court and in his briefs and pleadings in courts below has consistently and erroneously referred to this matter as an "action for non–support," even though appellant correctly and fully described the matter in the briefs and exhibits she initially submitted in opposition to appellee's petition to open the judgment. Support is a cause of action separate and distinct from alimony pendente lite, see *Belsky v. Belsky*, 196 Pa.Super. 374, 175 A.2d 348 (1962), and this distinction is material to the arguments advanced by appellee. For, appellee asserts that the order of support which was later entered by the Court of Common Pleas of Allegheny County and which forms the basis for the judgment in question in this case was "void *ab initio*." Appellee arrives at this conclusion by reasoning that the Washington County court's assumption of jurisdiction over the support matters divested the Allegheny County courts of jurisdiction over the same matters. When the action is properly characterized, however, this argument is without factual support and must necessarily fail.

2. See *Hutchison v. Hutchison*, 228 Pa.Super. 793, 315 A.2d 283 (1974).

on August 21, 1973. An order requiring support payments in the amount of $500.00 per month was entered against appellee and a wage attachment was issued. One week later, an attorney entered an appearance for appellee and motioned for a rehearing, alleging he had been informed that no appearance would be necessary if he merely submitted to the court the order entered by the Court of Common Pleas of Washington County. The motion was granted, the August 21st support order was set aside, and a rehearing was scheduled for September 5, 1973. On August 31, 1973, that hearing was postponed until such times as would be mutually convenient for counsel.

Following the postponement, on September 14, 1973, appellee moved to Las Vegas, Nevada, leaving no forwarding address and without informing his attorney or appellant of his whereabouts. He paid appellant the $200.00 per month in support called for by the Nevada divorce decree (less such deductions as would compensate him for the difference between that sum and the $250.00 per month he had paid under the January 15th agreement)[3] by mailing checks drawn on a Pittsburgh bank to Pittsburgh, where they were placed in different envelopes without return addresses and forwarded to appellant.[4] On November 21, 1973, after notice to appellee's counsel of record, the $500.00 per month support order was reinstated with all arrearages.

Appellant and her attorneys were unable to locate appellee, and the arrearages on the support order accumulated. On February 10, 1976, appellant moved for a rule to show cause why these arrearages should not be reduced to judg-

3. Appellee stated in his deposition that he complied with the Nevada decree rather than the January 15th agreement because he considered the latter to be null and void on account of his failure to pay appellant the $10,000.00 provided for by that agreement. This is, of course, quite inconsistent with appellee's continuing assertion that the Washington County order, *which was based on the January 15th agreement*, deprived the Allegheny County courts of jurisdiction and should have controlled those proceedings. See n.1, *supra*.

4. Many months later, appellee mailed these checks to appellant directly from Nevada, but continued to use envelopes without return addresses.

ment. After being served with the rule, appellee's attorney petitioned to withdraw as counsel, stating that he also was unable to ascertain appellee's whereabouts. This petition was granted and, on March 22, 1976, the arrearages were reduced to a judgment in the amount of $15,500.00.

Approximately two months later, appellant received an anonymous letter containing appellee's Las Vegas address. Nevada counsel was retained and a letter dated November 8, 1976 was sent to appellee informing him that a judgment in favor of his wife in the amount of $15,500.00 had been entered against him in the Commonwealth of Pennsylvania. The letter instructed appellee to contact his wife's Nevada counsel within ten days, but appellee did nothing after receiving it. Subsequently, on February 23, 1977, appellee was served with a complaint to enforce the judgment. Appellee resisted the enforcement, and this litigation terminated on August 10, 1977, with the Nevada courts concluding that the judgment was entitled to full faith and credit.

Finally, on September 10, 1977, appellee returned to Pittsburgh and, on September 23, 1977, petitioned the Allegheny County Court of Common Pleas to open the judgment. As noted previously, that court granted appellee's petition and opened the judgment which, on account of further arrearages, had been increased to $21,750.00 by an order dated April 5, 1977. A divided panel of the Superior Court affirmed the order of the court of common pleas,[5] and we granted appellant's petition for allowance of appeal.

██ A petition to open a judgment is addressed to a court's equitable powers, and the exercise of those powers will not be disturbed on appeal in the absence of an abuse of discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973). That discretion can, however, be properly exercised "only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear can be excused." *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130–31 (1971) (footnote

5. See *Hutchison v. Hutchison,* 274 Pa.Super. 175, 418 A.2d 352 (1980).

omitted). In the instant case, factors one and three are totally lacking.[6]

■■■ The timeliness of a petition to open a judgment is measured from the date that notice of the judgment is received. *Ruczynski v. Jesray Construction Corporation,* 457 Pa. 510, 326 A.2d 326 (1974). In his deposition, appellee admits receiving notice of the judgment by a letter from appellant's Nevada counsel dated November 8, 1976. Appellee, however, did nothing until February 23, 1977, or 107 days later, when he was served with a complaint to enforce the judgment. He then proceeded by resisting the enforcement, not petitioning to open the judgment, and it was not until September of 1977, or eleven months after first receiving notice of the judgment, that appellee returned to Pittsburgh and petitioned the court to open the judgment. This action was not prompt, *see* e. g. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973) (55 days not prompt); *Quatrochi v. Gaiters,* 251 Pa.Super. 115, 380 A.2d 404 (1977) (63 days not prompt); *Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977) (47 days not prompt); and *Carducci v. Albright Galleries, Inc.,* 244 Pa.Super. 48, 366 A.2d 577 (1976) (54 days not prompt), and the lower court's conclusion to the contrary is clearly erroneous.

**6.** The defenses which appellee has advanced in support of his petition to open the judgment are: 1) the Court of Common Pleas of Allegheny County was without jurisdiction to enter a support order; 2) the Nevada divorce decree terminated his duty to support appellant; and 3) partial payments were made to appellant while appellee resided in Las Vegas. As we find that appellee did not promptly petition to open the judgment, and that his failure to appear cannot be excused, it is not necessary to address the merits of these defenses. *See VanHorn v. Alper,* 253 Pa.Super. 524, 385 A.2d 462 (1978). It has, however, already been pointed out in notes 1 and 2 that the first of these defenses is without merit. And, as to the other two, we note that the circumstances surrounding the obtaining of the Nevada decree of divorce make its validity extremely questionable. *See Williams v. North Carolina,* 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945), and *Achter v. Achter,* 167 Pa.Super. 603, 76 A.2d 469 (1950). Also, the court's failure to take appellee's partial support payments into account resulted from appellee's own conduct in concealing his whereabouts and not making these payments through the Allegheny County Domestic Relations office.

■ Furthermore, appellee's failure to appear at the support proceedings cannot be excused. Appellee left Pennsylvania after being personally served with a complaint, knowing that support proceedings were pending and that the hearing had only been postponed. He did not notify his counsel or appellant of his departure or whereabouts, and then engaged in conduct obviously designed to conceal the same and insure that he would not be found. Yet appellee now complains that he did not receive notice of the proceedings subsequent to his departure, and that they were *ex parte.* The affidavits contained in the record, however, establish without contradiction that appellee's counsel of record was notified of all proceedings up through the first rule to show cause why the arrearages should not be reduced to judgment (after which, he was permitted to withdraw his appearance). This is all that is required by the Pennsylvania Rules of Civil Procedure, see Pa.R.C.P. Nos. 233 and 1027. After having been personally served with process and then concealing himself from *appellant, the courts,* and *his own counsel,* appellee cannot now be heard to assert a lack of personal notice as an excuse for his failure to appear.

Order reversed; judgment reinstated.