432 A.2d 1076

COMMONWEALTH of Pennsylvania ex rel. Abram
J. HOMSHER

v.

Claire P. Willi HOMSHER.

Appeal of Abram J. HOMSHER.

Superior Court of Pennsylvania.

Argued Jan. 19, 1981.
Filed July 24, 1981.

Charles W. Proctor, III, Newtown Square, for appellant.

Claire P. Willi Homsher, appellee, in pro. per.

Before HESTER, DiSALLE and POPOVICH, JJ.

DiSALLE, Judge:

This is an appeal from a lower court's order of support.

On April 14, 1979, the appellee-wife, Claire Homsher, left the appellant, Abram Homsher, and the marital residence. On June 6, 1979, the appellant filed a Complaint in Divorce, and soon thereafter, the wife filed a Complaint for Support. On October 15, 1979, the appellant was ordered to pay the wife $20.00 per week in Alimony Pendente Lite and counsel fees of $150.00. On March 6, 1980, the appellant was ordered to pay the wife an additional $25.00 per week in support, retroactive from the first Friday in January, 1980.

■ Appellant's first contention is that the lower court erred in finding that the wife had just cause to leave appellant and was therefore entitled to support. The lower court held the wife's testimony to be more credible, *Kay v. Kay*, 460 Pa. 680, 334 A.2d 585 (1975), and found that appellant had threatened her both before and after their separation, and that on the day the parties separated appellant had threatened her with physical harm. The lower court also found that for one year prior to the separation the appellant had, four or five nights a week, left the marital home after dinner, remained out until late at night, and refused to engage in sexual relations with appellee.

We believe these findings establish just cause for the wife to have left appellant and entitle her to support. Further, appellant failed to show that the lower court abused its discretion or misinterpreted the law in making these findings of fact. *Commonwealth ex rel. Collins v. Collins*, 232 Pa.Super. 105, 331 A.2d 675 (1974).

■ Appellant's second contention is that the lower court erred in awarding the wife support when her income is substantially greater than his. Included in this argument is appellant's contention that the combined amount of the Alimony Pendente Lite and Support orders exceeds one-third of his income, thus violating the limitation laid down in *Wechsler v. Wechsler*, 242 Pa.Super. 356, 363 A.2d 1307 (1976). We disagree.

The lower court found the wife's net income to be $191.00 per week and her rent to be $325.00 per month. The court noted that the wife claimed substantial living expenses and found her assets to include an automobile, a small bank account, and a small amount of stock.

The lower court found the appellant's gross salary, from his job as a handyman on his employer's estate, to be $450.00 per month. Supplementing this income is a rent-free house, partially paid for utilities, fifty free gallons of gasoline a month toward personal and business uses, twice yearly $600.00 bonuses, and $200.00 per month from odd jobs.

Appellant's gross income, excluding the free benefits, therefore, is approximately $750.00 per month or $173.07 per week. The lower court estimated the free benefits to be worth between $150.00 and $200.00 per week. Appellant, therefore, has an approximate total gross income equal to between $323.07 and $373.07 per week. From this income appellant must deduct taxes, normal living expenses, and insurance.

Clearly, the $45.00 per week embodied in the two court orders is substantially less than one-third of appellee's income. *Wechsler, supra.* We also note that the lower court took proper account of the free benefits received by appellant. Appellant's second contention, therefore, is without merit.

Appellant's final contention, that the lower court erred in entering an order of support on behalf of the wife when there already existed an order granting her alimony pendente lite, is also without merit. The award of alimony pendente lite does not prevent the court from also ordering support to be paid; the two are separate and distinct actions. *Hutchison v. Hutchison,* 492 Pa. 118, 422 A.2d 501 (1980). And, because we have found the support order to be proper, it cannot be labeled punitive or confiscatory.

Order affirmed.