452 A.2d 884

**Robert H. INGRAM and Iris C. Ingram**

v.

**DOVERTOWN ESTATES, INC., A Pennsylvania Business Corporation, and Gerhard Boerner.**

**Appeal of Gerhard BOERNER.**

Superior Court of Pennsylvania.

Argued March 3, 1980.

Nov. 19, 1982.

Petition for Allowance of Appeal Denied Feb. 7, 1983.

Leo E. Gribbin, Jr., York, for appellant.

John R. White, Gettysburg, submitted a brief on behalf of Ingram, appellees.

Before CERCONE, President Judge, and WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Adams County and involves defendant-appellant's appeal from an Order of that court which denied appellant's petition to open a default judgment rendered against him.

Appellees, husband and wife, contracted with Dovertown Estates, Inc., for the construction of a dwelling house for appellees by virtue of an agreement September 16, 1977. On August 28, 1978, plaintiff-appellees filed a Complaint in Assumpsit against Dovertown Estates, Inc., Gerhard Boerner, William L. May, trading as M.O. Plastering Company, and W.H. Ausherman. Dovertown was the general contractor, Boerner was the President of Dovertown and May and Ausherman were sub-contractors. On September 5, 1978, defendant Ausherman filed Preliminary Objections to appellees' complaint and on September 18, 1978, defendant May did the same. On September 22, 1978, defendants Dovertown and Boerner filed Preliminary Objections.

On February 1, 1979, the court below granted the Preliminary Objections of defendants May and Ausherman. On June 6, 1979, defendants Dovertown and Boerner's Preliminary Objections were listed for argument for July 9, 1979. Written notice of same was presented to the attorney for Dovertown and Boerner. When defendants' attorney failed to either file a brief or appear at Argument Court on July 9, 1979, the court below dismissed their Preliminary Objections

and ordered the defendants to file an Answer to plaintiffs' complaint within twenty (20) days.

No Answer was filed by the defendants. On August 1, 1979, three (3) days after the Answers were due, plaintiffs entered a default judgment against defendants Dovertown and Boerner and damages were assessed according to plaintiffs' prayer for relief in their Complaint. Notice of entry of the default judgment was forwarded on August 2, 1979 to both defendants and their attorney.

On August 6, 1979, defendant Boerner filed a Petition to Open the Default Judgment. (Defendant Dovertown Estates is now a defunct corporation). A Rule to Show Cause Why the Judgment should not be opened was entered by the court on plaintiffs. The date of the Rule returnable was September 11, 1979 on which date plaintiffs' counsel answered the petition to open. The date of the hearing on the Rule Returnable had been set for September 11, 1979, at which time counsel for Boerner appeared without witnesses or depositions. On September 14, 1979 the court below entered an Order denying Boerner's petition to open.

On October 12, 1979, Boerner filed the instant appeal to our court. On the same date he filed a Petition for Reconsideration with the lower court and the court below directed Boerner to submit to a deposition on the merits of his defense to plaintiffs' Complaint. The deadline set for the deposition was November 5, 1979.

On October 22, 1979, defendant Boerner requested a Special Allowance to Appeal with our Court. The thrust of the request was that the court below be allowed to retain jurisdiction in the matter pending the deposition of defendant Boerner. We denied this request on November 1, 1979.

Plaintiffs' Complaint alleged that the September 16, 1977 contract and its addendums of February 10, 1978, and July 13, 1978 had been violated by the defendants in that the home had not been constructed by the defendants in accordance with the contract; the work which had been performed was faulty and unworkmanlike; that plaintiffs would have

to spend large sums of money to complete the work; that Boerner had represented to plaintiffs that he personally guaranteed performance of the work in accordance with the contract terms; that the manner in which the contract was signed by Boerner led plaintiffs to believe that he was executing it in his individual capacity; that Boerner accepted construction draws from the plaintiffs knowing that the work would not be performed; and that he had made false statements to plaintiffs to the effect that the residence would soon be completed when he knew otherwise.

In order to open a judgment taken by default it must be shown by the petitioner that: (1) the petition has been promptly filed; (2) a meritorious defense is shown; and (3) there is a reasonable excuse for failing to file a timely answer or other responsive pleading to the Complaint. *Epstein v. Continental Bank and Trust Company,* 260 Pa.Superior Ct. 522, 394 A.2d 1049 (1978); *Shainline v. Alberti Builders, Inc.,* 266 Pa.Superior Ct. 129, 403 A.2d 577 (1979).

Applying these criteria to the instant case we find that the Boerner's Petition to Open, filed as it was five (5) days after the entry of the default, was promptly filed. However, the court below found that Boerner had failed to establish the existence of either a meritorious defense or a reasonable excuse for failure to file his answer. Of course Boerner now complains that he has a meritorious defense to the plaintiffs' action; namely, that he cannot be held personally liable for the debts of Dovertown Estates.

Appellees argue that the matters adduced in the deposition of Boerner should not be considered because the court below was without jurisdiction to order said deposition after Boerner had taken his appeal to our Court. We agree. Once a party takes an appeal to an appellate court the trial court is divested of jurisdiction over the subject matter until further order of the appellate court reinstating jurisdiction. *Pa. Rule Appellate Pro. 1701;* [1] *Bartle v. Bartle,* 304 Pa.Supe-

---

1. *Pa. Rule Appellate Pro. 1701(b)* provides certain exceptions to the general rule none of which are applicable to this matter.

rior Ct. 348, 450 A.2d 715 (1982). However, even if we assume that Boerner had a meritorious defense to the case we find that he had not shown a reasonable excuse for failing to file a timely answer to the complaint. Boerner had filed previous pleadings in the case and was therefore aware of the scope and nature of the proceedings. He had also failed to file a brief or appear at Argument Court to support the contentions made in his Preliminary Objections. It was also established that Boerner was in Florida at the time of the instant litigation and had failed to respond to his counsel's letters to him of June 25, 1979, June 27, 1979 and June 29, 1979. Although Boerner's attorney cites "difficulty in communicating with counsel" as an excuse for Boerner's failure to act we do not find that Boerner's non-action and "ostrich-like" approach to this matter constitutes a *reasonable* excuse for his failure to file a timely answer to the Complaint. In short, the defendant Boerner's "busy schedule", "difficulty in communicating with his attorney because he (Boerner) was in Florida" and "confidence in the fact that he could not be held personally liable on the plaintiffs' cause of action" do not constitute reasonable grounds for failing to file a timely answer to plaintiffs' complaint. See *Dico Co., Inc. v. Novak,* 268 Pa.Superior Ct. 441, 408 A.2d 869 (1979). In short, we hold that where a defendant's conduct indicates a pattern of avoiding his counsel's attempts to discuss the case with him which pattern results in a default judgment being rendered against him we will find such activity "inexcusable" when considering the reasonableness of his failure to file a timely answer to a pleading.

Finally, we note that Boerner's counsel had communicated in writing to plaintiffs' counsel on June 27, 1979 indicating that defendant's attorney (the author of the letter) would probably not argue Boerner's Preliminary Objections at the July 9, 1979 court date set for said argument and also including therein a statement indicating the likelihood that a default judgment would be permitted to be taken against both "Dovertown Estates and Gerhard Boerner". Considering this communication we find that plaintiffs owed no duty

to Boerner to notify him or his counsel that they intended to take the default judgment if their complaint was not answered in a timely fashion.

Taking into account the abovementioned set of circumstances, we find that Boerner did not establish a reasonable excuse for failing to file a timely answer to plaintiffs' complaint and that the court below did not err nor abuse its discretion in refusing to grant Boerner's Petition to Open the Default Judgment.

Order affirmed.

CERCONE, President Judge, files a concurring and dissenting opinion.

CERCONE, President Judge, concurring and dissenting:

Although I concur in the result reached by the majority I must respectfully dissent from the reasoning employed in reaching that result.

I fully agree with the majority when it holds that the deposition is a nullity. However, and despite this ruling, the majority goes on to address assertions made in that very deposition for the purpose of refuting appellant's claim to a valid excuse for his default. This, I believe, is incorrect. I would simply ignore the deposition since it is not a legitimate part of the record, and rest the decision, rather, on appellant's failure to offer any evidence whatsoever to support his petition to open. From a legal point of view, we cannot and should not base our decision on the revelations contained in the deposition for it is not a legitimate part of the record. As far as we are concerned the *record* is truly silent as to the causes of or excuses for appellant's default. *Cf., McCaffrey v. Pittsburgh Athletic Ass'n,* 448 Pa. 151, 162, 293 A.2d 51, 57 (1972); *Killian v. Allegheny County Distributors,* 409 Pa. 344, 348–49, 185 A.2d 517, 519–20 (1962) (Citing cases). Whatever the events made known in the deposition may be, they bear no significance to the decision of the instant case, and should not have been considered in rendering today's decision.

Accordingly, I concur in the judgment but dissent from the reasoning employed in reaching it.