580 A.2d 1146

Robert F. PURDUE, Appellant,

v.

Barbara A. PURDUE, Appellee.

Robert F. PURDUE, Appellee,

v.

Barbara A. PURDUE, Appellant.

Superior Court of Pennsylvania.

Argued Aug. 23, 1990.

Filed Oct. 12, 1990.

230

Howard V. Heck, Bakerstown, for appellant (at 1082) and appellee (at 1083).

Caroline A. Mitchell, Pittsburgh, for appellant (at 1083) and appellee (at 1082).

Before DEL SOLE, JOHNSON and HESTER, JJ.

DEL SOLE, Judge:

These cross-appeals are taken from a final decree setting forth an order of equitable distribution of the parties' marital property. Because the original action was bifurcated, the decree in divorce was entered in September of 1985 but the division of the marital estate was not determined until 1989. The events which occurred during this passage of time, including the wife's remarriage, have fostered many of the claims now made.

Upon review of the issues presented in these cross-appeals we have concluded that the order setting forth equitable distribution must be vacated. Although we find no

merit with regard to the issues presented by the parties which concern the valuation and distribution of the marital property, the court's decision regarding spousal support requires that the entire award be vacated.

A support order was originally entered in October of 1984 which required husband to pay $1,040.00 per month for the support of wife and their minor child. Despite the entry of a divorce decree in September of 1985, and the wife's remarriage one month later, the support order continued. Approximately 3½ years later in considering the economic claims with regard to equitable distribution, the trial court also entertained husband's claim that his support award should be reduced retroactive to the time of wife's remarriage. The court refused to reduce the award retroactive to the date of wife's remarriage because husband failed to raise the issue at that time. The court remarked that since husband did not make any efforts to seek modification until he appeared at a conciliation in December of 1987, the court would only credit him with the spousal portion of the unallocated support award for the period January 1988 until the date of its order of distribution. The credit was recognized to be $750 per month.

On appeal husband contends that the court erred in refusing to credit him with the spousal support payments he made back to the date of wife's remarriage. He asserts that he was unable to seek modification at that time because he was unaware of wife's remarriage since she failed to notify him of this significant change of circumstances. Wife counters this claim by arguing that the court erred in giving husband any credit since her need to alimony pendente lite was supported by the record.

The difficulty in examining the opposing arguments presented by both parties resides in the fact that the initial support award continued despite the parties divorce. Although the wife now refers to it as alimony pendente lite and the trial court commented that support awards automatically convert to alimony pendente lite at the issuance of

a divorce decree, *Levine v. Levine,* 360 Pa.Super. 297, 520 A.2d 466 (1987) instructs us otherwise.

In *Levine,* the court was asked to examine an order of support which continued despite the dissolution of the parties' marriage. The court noted that while an order of spousal support may be converted properly into an order of alimony pendente lite by a trial court, such conversion is not automatic. The court commented on the different purposes to be served by each order. Spousal support is derived from the marital obligation and is designed to ensure the receiving party a reasonable living allowance. This duty, however, terminates when the marriage ends. *See, Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). Alimony pendente lite is designed to enable a dependant spouse to maintain or defend the litigation until all economic issues are resolved. *See: Horn v. Horn,* 388 Pa.Super. 46, 564 A.2d 995 (1989). The *Levine* court recognized "that the circumstances of the parties are subject to changes throughout each of the steps in the dissolution of the marriage—living separate and apart, pending divorce, and after divorce. The trial court, consequently, must consider these changes in deciding whether to terminate the award, grant a new form of award, or change the amount of the award." *Id.* 520 A.2d at 468. Because the spousal award in *Levine* was never converted to an award of alimony pendente lite and because the parties were divorced, the court ruled that the husband's duty to provide spousal support had ended and reversed the trial court's order.

Similarly in the instant case, an order of spousal support continued for many years subsequent to the parties divorce. The trial court was, and possibly the parties were, under the mistaken impression that the support automatically converted to alimony pendente lite. However, whether or not wife was entitled to alimony pendente lite was never determined. Also left unanswered is husband's question of whether wife had an obligation to notify him of her remarriage so that he could have made a timely motion to modify or terminate the

supposed alimony pendente lite award. The trial court refused to credit husband for payments he made back to the wife's remarriage since he failed to present the matter to the court at this time.

Husband cites to the duties to report found in 23 Pa.C.S.A. § 4353 which provides:

(a) Notice of changes.—An individual who is a party to a support proceeding shall notify the domestic relations section in writing or by personal appearance within seven days of any material change in circumstances relevant to the level of support or the administration of the support order, including, but not limited to:

(1) change of employment; and

(2) change of personal address or change of address of any child receiving support.

This section admittedly does not apply to Appellant's concern regarding his former spouse's remarriage because it addresses orders of support which terminate when a marriage ends. However the principle it embodies can be carried over to awards for alimony pendente lite which are designed to continue following divorce and do not necessarily terminate because of a party's remarriage. *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987). A party seeking to have alimony pendente lite modified or terminated should not be charged with the delay in filing his or her petition if that party was not notified by the former spouse of the circumstance which would cause the filing. In this case, if husband did not know of wife's remarriage, he cannot be held accountable for failing to file his termination petition sooner. Thus, as in support orders, the party in receipt of alimony pendente lite must notify the former spouse of any material change in circumstance, such as remarriage. Absent such notification the party seeking modification or termination should be excused for a late filing and the court's decision should reflect back to the time when the change of circumstances occurred, not to the date the petition was filed.

■ We again recognize that a remarriage alone may not necessarily effect an alimony pendente lite award. It is, however, a circumstance of which the payor spouse must have knowledge before he or she will be charged with waiving a claim for reduction or termination of alimony pendente lite.

■ In the present case it remains uncertain whether the wife was entitled to an award of alimony pendente lite following the divorce in 1985. If in fact wife was entitled to such an award, the husband's claim of termination or modification following wife's remarriage should have been entertained to examine the wife's needs regarding the award. If the court should determine that the remarriage altered the parties positions so that wife was not entitled to the same amount of alimony pendente lite, or none at all, then the court must determine the retroactive effect of its decision. Although an order of modification or termination would ordinarily be made back to the time the petition was filed, where a party is able to establish that it was unaware of the circumstances which prompted filing of the petition, such as a former spouse's remarriage, the late filing can be excused and the order can be made retroactive to the date of the relevant change of circumstance.

Because in this case we are uncertain whether the court meant for wife to receive alimony pendente lite following the divorce, and because the effect of her remarriage and husbands' claim of lack of knowledge concerning the remarriage were not examined by the trial court, we conclude that a remand is in order. The trial court's ultimate decision on these issues may cause a change in the economic positions of the parties, therefore we will vacate the award of equitable distribution so that the trial court can be in a position to rethink its equitable distribution award to achieve economic justice.

Order reversed and remanded. Jurisdiction relinquished.

JOHNSON, J., concurs in the result.