612 A.2d 1060

**Robin V. McKEOWN,**

v.

**Thomas G. McKEOWN, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 29, 1992.

Filed Sept. 8, 1992.

Arthur L. Zulick, Stroudsburg, for appellant.

John P. Lawler, Stroudsburg, for appellee.

Before CIRILLO, DEL SOLE and KELLY, JJ.

CIRILLO, Judge:

This is an appeal from an order of the Court of Common Pleas of Monroe County denying a petition to terminate spousal support. We reverse.

Thomas McKeown (husband) and Robin McKeown (wife) were married in 1980 and separated in 1987. There were no children born of the marriage. Divorce proceedings commenced in 1987. Wife sought spousal support while the divorce was pending. Subsequently, the trial court ordered husband to pay spousal support to wife. The spousal support order was modified on February 6, 1990. The modification required husband to pay his wife $100.00 per week for spousal support, to maintain his wife's medical insurance, and to pay the mortgage, taxes, and insurance on both residences the parties owned.

On September 6, 1990, the trial court entered a final decree in divorce, divorcing the parties from the bonds of matrimony and distributing the property under an order of equitable distribution. Husband appealed the equitable distribution order.

Pending resolution of the appeal, husband petitioned the trial court to terminate his spousal support payments effective the date of the divorce decree. The trial court denied husband's petition to terminate spousal support stating:

AND NOW this 13th day of May, 1991, upon consideration of the rationale of the Superior Court expressed in *Ritter v. Ritter,* 359 Pa.Super. 12, 518 A.2d 319 (1986) that "spousal support and alimony pendente lite are indistinguishable in the context of the divorce action" and the holding of the Court in *Ponthus v. Ponthus,* 70 Pa.Super. 39 (1918) and it appearing that the Defendant has not complied with the prior Order of this Court for equitable distribution and has not sought a supersedeas of said Order, the Petition of Defendant Thomas G. McKeown for termination of spousal support and the Rule heretofore issued thereon are dismissed.

Thereupon, husband filed this timely appeal. Husband now presents one issue for our consideration: did the trial court err in refusing to terminate the order of spousal support as of the date of the parties' divorce?

In reviewing spousal support orders, this court may not disturb the decision of the trial court unless there has been

a clear abuse of discretion. *Remick v. Remick,* 310 Pa.Super. 23, 456 A.2d 163 (1983). An abuse of discretion is more than a mere error in judgment. Discretion is abused only when the law is misapplied or overridden or the judgment exércised is manifestly unreasonable. *Lesko v. Lesko,* 392 Pa.Super. 240, 242, 572 A.2d 780, 782 (1990) (citations omitted).

Husband claims that the trial court erred in dismissing his petition to terminate spousal support because the duty to provide spousal support ceases when the marriage is dissolved. In support of its denial of the petition to terminate spousal support at the time of the divorce decree, the trial court correctly quoted *Ritter, supra.* The *Ritter* court stated, "(s)pousal support and alimony pendente lite are indistinguishable in the context of a divorce action." 359 Pa.Super. at 16, 518 A.2d at 321 (1986). However, a year later in *Levine v. Levine,* 360 Pa.Super. 297, 520 A.2d 466 (1987), this court explained:

> *Ritter,* however, is limited to the procedural issue of the appealability of an order for spousal support where the wife requested either spousal support or alimony pendente lite in her answer to the husband's divorce complaint for support or alimony pendente lite. (citations omitted.)

*Levine,* 360 Pa.Super. at 302, 520 A.2d at 468. The present case is an appeal from an order dismissing the exceptions of both parties to a master's report and ordering husband to pay spousal support. Thus, this case is distinguishable from *Ritter.*

The trial court also cites *Ponthus v. Ponthus,* 70 Pa.Super. 39 (1918), which has lost its relevance due to the enactment of the Divorce Code of 1980.[1] Prior to the Divorce Code, the divorce decree itself was appealed. The Divorce Code now allows parties to agree to the entry of a no-fault divorce. Generally, in a bifurcated divorce, it is not the divorce itself which is contested, but the economic issues.

---

**1.** Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.* (repealed); Act of December 19, 1990, P.L. 1240, No. 206, 23 Pa.C.S. § 3101 *et seq.*

A dependent spouse may receive both spousal support and alimony pendente lite. Although both awards are temporary in nature, spousal support and alimony pendente lite are separate and distinct creations of the law. *Krakovsky v. Krakovsky*, 400 Pa.Super. 260, 583 A.2d 485 (1990). Spousal support provides living expenses for a dependent spouse prior to the resolution of the divorce. *Levine, supra; Fexa v. Fexa*, 396 Pa.Super. 481, 578 A.2d 1314 (1990). The duty to pay spousal support stems from the marital relationship itself and terminates upon the dissolution of the marriage. *Levine, supra; Fexa, supra.* On the other hand, alimony pendente lite is awarded for the period between the entry of the divorce decree and the distribution of the marital property. The purpose of alimony pendente lite is to preserve economic equality between the parties pending the resolution of equitable division, thereby allowing the dependent spouse to maintain or defend the divorce action. *Krakovsky, supra.*

Upon entry of a divorce decree, a trial court may convert a spousal support order into an alimony pendente lite order. Because a conversion from spousal support to alimony pendente lite is not merely a formal change but a substantive alteration, it is not automatic and the party seeking alimony pendente lite must specifically apply for it. *Krakovsky, supra; Levine, supra.* When a party applies for alimony pendente lite, the trial court must determine whether or not a spouse is entitled to this type of award. In making its determination, the trial court must understand that the circumstances of the parties are subject to change throughout the dissolution of the marriage and the accompanying property division and, therefore, take this into consideration. *Levine, supra.*

Here, wife did not apply for alimony pendente lite and, therefore, the trial court never had the opportunity to consider whether there were any changes in the parties' circumstances. Thus, the trial court never made the requisite determination as to whether wife was entitled to alimony pendente lite. *Levine, supra.* Accordingly, we find that

the trial court misapplied the law and thereby abused its discretion when it ordered husband to pay spousal support after termination of the marriage. *Lesko, supra; Remick, supra.* Wife failed to apply to have the award of spousal support converted into alimony pendente lite. The parties are now divorced and husband's obligation to provide spousal support is terminated. We, therefore, reverse the trial court order denying husband's petition to terminate spousal support.

Order reversed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting.

I respectfully dissent from the majority's opinion. Although I agree that our case law distinguishes between spousal support and alimony pendente lite, and that conversion from support to alimony pendente lite is not automatic, I disagree with the majority's conclusion that because Wife failed to apply for alimony pendente lite, the trial court never had the opportunity to determine whether Wife was entitled to this award. Rather, I believe that under the facts of this case, the trial court did determine that Wife was entitled to alimony pendente lite in the amount of $100.00 per week because the circumstances of the parties had not changed. Furthermore, I would hold that our case law supports the trial court's actions in retroactively converting spousal support to alimony pendente lite despite the failure of the dependent spouse to file an application for alimony pendente lite.

In *Purdue v. Purdue*, 398 Pa.Super 228, 580 A.2d 1146 (1990), a support order was entered requiring Husband to pay support for his wife and minor child. Then the parties were divorced in a bifurcated divorce action, and 3½ years later the trial court, in considering the economic claims for equitable distribution, entertained Husband's claim that his support award should be reduced retroactive to the time of wife's remarriage. Husband was not notified of Wife's

remarriage at the time it occurred. The trial court refused to credit Husband in the equitable distribution award with the amount of support payments retroactive to the time of Wife's remarriage, commenting that support awards automatically convert to alimony pendente lite at the issuance of a divorce decree, and alimony pendente lite does not necessarily terminate because of a party's remarriage. *DeMasi v. DeMasi*, 366 Pa.Super. 19, 530 A.2d 871 (1987).

This court reversed the trial court, holding in accordance with *Levine v. Levine*, 360 Pa.Super. 297, 520 A.2d 466 (1990), that spousal support does not automatically convert to alimony pendente lite, and remanding to the trial court for a determination of whether Wife was entitled to an award of alimony pendente lite following the divorce. We held:

[b]ecause in this case we are uncertain whether the court meant for wife to receive alimony pendente lite following the divorce, and because the effect of remarriage and husband's claim of lack of knowledge concerning the remarriage were not examined by the trial court, we conclude that a remand is in order.

Thus, we held in *Purdue* that the trial court may not assume that spousal support continues under a different name as alimony pendente after a divorce has been entered and prior to consideration of the economic claims of the parties, without determining the spouse's entitlement to alimony pendente lite and the amount of that entitlement. We did not hold, however, that the trial court is precluded from deciding retroactively that the spouse was entitled to alimony pendente lite after the divorce is entered, rather we remanded so that the trial court could make its determination.

Similarly in *Krakovsky v. Krakovsky*, 400 Pa.Super. 260, 583 A.2d 485 (1990), we vacated an order of equitable distribution when the trial court erroneously used a modified support order to serve three separate purposes, spousal support, alimony pendente lite, and arrearages on the modified support order as replacement for an alimony award.

We stated that spousal support arises from the marital relationship and is designed to assure a reasonable living allowance to the dependent spouse, while alimony pendente lite is awarded to sustain the dependent spouse on a basis of equality with the other spouse while maintaining or defending the divorce action. *Id.*, 400 Pa.Super. at 266–267, 583 A.2d 485. However, we then remanded to the trial court for it's "ultimate decision on the issues of alimony pendente lite and alimony", *Id.*, 400 Pa.Super at 269, 583 A.2d 485. Therefore, the trial court was not precluded from retroactively changing the award of support into an award of alimony pendente lite if the trial court determined the party was eligible for alimony pendente lite in the amount ordered. We remanded for the trial court to make this decision although the dependent spouse did not apply to the court for alimony pendente lite at the time of the final decree in divorce.

Our concern in both these cases was that the trial court consider the discrete purposes for spousal support and alimony pendente lite, and recognize that the circumstances of parties are subject to change throughout each of the steps of the dissolution of a marriage and accompanying property settlement. *Id.*, 400 Pa.Super. at 267–268, 583 A.2d 485.

In the instant case, I would find that the trial court in dismissing the petition to terminate spousal support, and, in effect, retroactively changing it to alimony pendente lite, addressed the concerns we raised in *Krakovsky* and *Purdue.* Here, the divorce decree and the equitable distribution order were simultaneous, but because Husband appealed only from the order of distribution, the divorce became effective although no distribution took place.[1] Therefore,

---

1. Here, distribution should have occurred after the order of equitable distribution was filed because Husband failed to file a supersedeas and post bond staying the enforcement of the order. However, because wife did not seek enforcement of the order prior to the time this court issued a memorandum opinion vacating the order, we find that the original order of distribution is unenforceable.

throughout these stages of the dissolution of the marriage, the circumstances of the parties remained the same. The court, in dismissing Appellant's petition to terminate spousal support, and stating that spousal support and alimony pendente lite are indistinguishable when Husband did not comply with the prior equitable distribution order of the court, recognized that the circumstances of the parties had not changed because of the divorce decree. In order to sustain the dependent spouse on a basis of equality with the other spouse while litigating the divorce action, *Id.*, 400 Pa.Super at 267, 583 A.2d 485, it was necessary to maintain the status quo by maintaining the order in the same amount.

23 Pa.C.S.A. § 3323(f) states in pertinent part that, "[i]n all matrimonial causes, the court shall have full equity power and jurisdiction ... to effectuate the purpose of this part and may grant such other relief or remedy as equity and justice require against either party ..." We held in *Cheng v. Cheng*, 347 Pa.Super. 515, 500 A.2d 1175 (1985), that one of the purposes of this "part", or one of the policies of the Divorce Code, is to, "[e]ffectuate economic justice between parties who are divorced ... and insure a fair and just determination of their property rights." 23 Pa.C.S.A. § 3102(a)(6).

I would find that the trial court's action in dismissing Husband's petition to terminate spousal support fulfills the policies of the Code, and did not constitute an abuse of discretion. *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983).

However, it should be noted that the situation we face here would be the same had Husband filed a supersedeas, because in both cases distribution would not have occurred, and would have to be postponed until a new distribution order was fashioned by the trial court.