668 A.2d 561

**Richard P. MUSKO, Appellant**

**v.**

**Naomi B. MUSKO.**

Superior Court of Pennsylvania.

Argued Sept. 27, 1995.

Filed Dec. 18, 1995.

152

Leo M. Stepanian, Butler, for appellant.

Michelle D. Blackwell, Butler, for appellee.

Before ROWLEY, President Judge, and CAVANAUGH and CIRILLO, JJ.

CIRILLO, Judge.

Richard P. Musko (Husband) appeals from a judgment entered in the Court of Common Pleas of Butler County directing Husband to pay all monies in arrears based on a prior alimony pendente lite (APL) order. We affirm.

Husband and Wife executed a prenuptial agreement on January 4, 1991, the day before their marriage on January 5th. The agreement provided, in part, that "[Wife] shall not be entitled to receive any money or property or alimony or support because of the divorce or separation of the parties hereto[.]" The parties separated in May of 1991 and Husband filed for a divorce in March of 1992. Wife filed a petition for APL. Following a hearing, the trial court entered an order dated July 2, 1992 determining that the prenuptial agreement did not prohibit Wife from claiming APL, and scheduling a hearing to determine the appropriate amount.[1] Husband appealed the July 2nd order. Upon Wife's motion, the appeal was quashed as interlocutory.

On February 12, 1993, the trial court entered an order directing Husband to pay $1,800.00 per month in APL. Husband appealed from this order. Again, Wife filed a motion to quash, which was granted. The parties were divorced on May 12, 1994.

On September 16, 1994, the trial court issued a memorandum opinion and order stating that the prenuptial agreement prevented Wife from pursuing further claims against Husband, and further directing Husband to pay to Wife the arrears arising from the previous order awarding APL. Husband appealed from this order. Wife filed a third motion to quash. This court denied the motion without prejudice, but permitted the motion to be renewed at the time of argument or the filing of an appeal. The motion has been renewed and, accordingly, we will dispose of such motion.

1. The order also vacated a temporary order enjoining Husband from evicting Wife. The trial court found that, by virtue of the prenuptial agreement, Wife had waived any claim to Husband's real estate.

■ Wife claims that Husband was required to file a post-trial motion following the trial court's February 12, 1993 order awarding APL and, without the required motion, the APL award has not been adequately preserved for appeal.[2] The present appeal follows an order dated September 16, 1994, which was entered after the entry of the final divorce decree in May of 1994, and provides, in part:

> The Court orders that [Husband] pay all monies presently in arrears, if any, based upon the prior alimony pendente lite order. All other claims pursuant to the divorce or support actions are dismissed.

Due to recent revisions in the rules of civil procedure (effective July 1, 1994), no post-trial motions were required of Husband following this order. See Pa.R.C.P. 1920.52(b). Amended Rule 1920.52(b) specifically precludes the filing of post-trial motions with claims involving APL. A notice of appeal was filed on October 6, 1994. In light of the amended rule, we decline Wife's invitation to find that Husband has failed to preserve the APL issue. Because the trial court's final disposition of this case occurred after the new rule went into effect, Husband cannot be faulted for not filing post-trial motions. We deny Wife's motion to quash, and will address the merits of Husband's appeal.

Husband raises the following issues for our consideration:

(1) Did the trial court commit an error of law in failing to recognize that the Divorce Code defines both "alimony" and "alimony pendente lite" as an order for "support," which said support was waived by Wife in the prenuptial agreement?

(2) Did the trial court commit an error of law in holding that Wife's waiver of support and alimony does not consti-

---

**2.** Prior to July 1, 1994, Pa.R.C.P. 1920.52 dictated that the practice and procedure of claims involving APL would be in accordance with Pa. R.C.P. 227.1 to 227.4, which in turn required that a party wishing to preserve his or her right to appeal must file post-trial motions within 10 days of the trial court's decision. Additionally, case law confirmed that Rules 227.1 through 227.4 applied to the granting of APL. See Szakmeister v. Szakmeister, 344 Pa.Super. 465, 496 A.2d 1199 (1985); Carangelo v. Carangelo, 321 Pa.Super. 219, 467 A.2d 1333 (1983).

tute a waiver of alimony pendente lite contrary to the provisions of a prenuptial agreement which specifically stated that Wife "shall not be entitled to receive any money or property or alimony or support because of the divorce or separation of the parties hereto?"

The trial court specifically found that the terms of the prenuptial agreement excluded support and alimony, but that the agreement did not preclude Wife from obtaining APL. We agree. The disputed language in the agreement, as stated above, provides: "[Wife] shall not be entitled to receive any money or property or alimony or support because of the divorce or separation of the parties hereto[.]" (emphasis added).

Husband argues that the trial court failed to recognize that an order for support, whether alimony or APL, is precluded by the agreement and, further, that a mere difference between the purposes of alimony and APL is not dispositive of the issue at hand.

A prenuptial agreement is a contract, *Simeone v. Simeone*, 525 Pa. 392, 581 A.2d 162 (1990), and, where the language of a contract is clear and unambiguous, the express language of the contract controls. *Krizovensky v. Krizovensky*, 425 Pa.Super. 204, 624 A.2d 638 (1993); *Raiken v. Mellon*, 399 Pa.Super. 192, 582 A.2d 11 (1990). To determine the intent of the parties, it is necessary to look to the four corners of the document—the express language of the contract. *See Rusiski v. Pribonic*, 511 Pa. 383, 515 A.2d 507 (1986); *Gianni v. Russel & Co., Inc.*, 281 Pa. 320, 126 A. 791 (1924). "Moreover, specific provisions ordinarily will be regarded as qualifying the meaning of broad general terms in relation to a particular subject." *In re Alloy Manufacturing Company Employees Trust*, 411 Pa. 492, 495, 192 A.2d 394, 396 (1963); *Cf. PBS Coal, Inc. v. Hardhat Mining, Inc.*, 429 Pa.Super. 372, 378, 632 A.2d 903, 906 (1993) (where specific or exact terms appear to conflict with broader or more general terms, the specific terms are more likely to reflect the meaning of the parties, rather than the general language).

The prenuptial agreement at issue clearly precludes Wife from seeking "support" and "alimony;" "APL," however, is not included in that exclusion. Husband's argument that alimony and APL are both orders for "support,"[3] and, therefore, that APL is precluded by the terms of the agreement, is not valid in light of the rules of contract law. *In re Alloy, supra.* The term "alimony," which Husband concedes is a specific term by arguing that it is encompassed by the term "support," serves to qualify the general terms of "support" and "money."[4] The specific provision "APL" does not, however, exist to qualify the general terms. Without an express mention of APL, the instant agreement cannot be read to bar Wife from receiving APL. We decline to assume that Wife was aware of, or agreed to, a waiver of APL. *See Simeone, supra* (where express language of agreement stated that APL was being relinquished, appellant was barred from receiving APL); *Karkaria v. Karkaria,* 405 Pa.Super. 176, 592 A.2d 64 (1991) (same); *see also Miller v. Miller,* 352 Pa.Super. 432, 508 A.2d 550 (1986) (noting that a provision in the Divorce Code which employed the term "alimony," does not encompass APL).

Our conclusion that Wife is not precluded from claiming APL is additionally bolstered by the fact that support, alimony, and APL each serve distinct, unique purposes; the meaning of one does not subsume the definition of another. The law of this Commonwealth clearly distinguishes among alimony, support, and APL. "The purpose of an order of

**3.** Pursuant to 23 Pa.C.S.A. § 3103, "alimony" and "alimony pendente lite" are defined as follows:

"**Alimony.**" An order for support granted by this Commonwealth or any other state to a spouse or former spouse in conjunction with a decree granting a divorce or annulment.

"**Alimony pendente lite.**" An order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding.

**4.** We note that Husband offers contradictory arguments to support his position. In the first part of his brief, Husband states that alimony and APL both constitute orders of "support." In a later portion, however, Husband argues that money, property, support and alimony are all general terms, and contends that "the term 'money' does not qualify 'support or alimony' any more than 'property' qualifies those terms."

support is to assure a reasonable living allowance to the party requiring support." *Levine v. Levine*, 360 Pa.Super. 297, 301, 520 A.2d 466, 468 (1987). "The duty to pay spousal support stems from the marital relationship itself and terminates upon the dissolution of the marriage." *McKeown v. McKeown*, 417 Pa.Super. 520, 523, 612 A.2d 1060, 1061 (1992); *see Levine, supra.*

> On the other hand, alimony pendente lite is awarded for the period between the entry of the divorce decree and the distribution of the marital property. The purpose of alimony pendente lite is to preserve economic equality between the parties pending the resolution of equitable division, thereby allowing the dependent spouse to maintain or defend the divorce action.

*McKeown*, 417 Pa.Super. at 523, 612 A.2d at 1061–62; *see McNaughton v. McNaughton*, 412 Pa.Super. 409, 603 A.2d 646 (1992); *Levine, supra.* APL is based on one spouse's need to have equal financial resources to pursue or defend a divorce action when, in theory, the other spouse has major assets "which are the financial sinews of domestic warfare." *Spink v. Spink*, 422 Pa.Super. 126, 130, 619 A.2d 277, 279 (1992). APL is not dependent upon the status of the parties, but upon the status of the litigation. *Id.*

Alimony, which is not available until after a divorce decree has been entered, ensures that the reasonable needs of the spouse who is not able to support himself or herself through appropriate employment, are met. *Nemoto v. Nemoto*, 423 Pa.Super. 269, 275, 620 A.2d 1216, 1219 (1993). Alimony is obtainable only where economic justice cannot be attained by way of an equitable distribution award and development of an appropriate employable skill. *Id.*

The trial court was correct in its interpretation that the terms of the agreement which prevent Wife from seeking alimony and support do not include APL. We conclude, therefore, that the trial court did not commit an error of law. *Simeone, supra; Rusiski, supra.*

Affirmed.