697 A.2d 255

**Richard P. MUSKO, Appellant,**

v.

**Naomi B. MUSKO, Appellee.**

Supreme Court of Pennsylvania.

Submitted Aug. 7, 1996.

Decided June 18, 1997.

Leo M. Stepanian, Butler, for Richard P. Musko.

Norman D. Jaffe, Butler, for Naomi B. Musko.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Chief Justice.[1]

The sole question before the court is whether a valid antenuptial agreement which states that a spouse "shall not be entitled to receive any money or property or alimony or support" in the event of divorce or separation precludes the award of alimony pendente lite (APL).

Richard and Naomi Musko were married on January 5, 1991. Richard, a public accountant, owned and operated his own accounting firm in Butler, Pennsylvania. Naomi was employed as an administrative assistant in the real estate and trust department of a small Virginia bank. In anticipation of the marriage, Naomi resigned from her employment, sold her home in Virginia and moved to Butler. On January 4, 1991, the day preceding their marriage, Richard and Naomi executed a written "pre-nuptial" agreement which had been drafted by Richard's attorney. Richard and Naomi had discussed the substance of the agreement numerous times and Naomi reviewed the document with independent counsel prior to its execution.

Richard and Naomi separated early in 1992. Richard filed for divorce on March 26, 1992, and immediately thereafter Naomi filed a petition for an award of APL.[2] The trial judge, on July 2, 1992, awarded APL and scheduled a hearing to ascertain the appropriate amount of the award. The trial court set the amount of APL at $1,800 per month, subsequently modified to $1,080 per month after Naomi obtained employment. On September 16, 1994, the trial court entered a final divorce decree and Richard appealed to the Superior Court.[3]

1. This opinion was reassigned to this author.

2. The trial court also vacated its earlier order temporarily restraining Richard from evicting Naomi from the marital residence. The trial court held that Naomi had waived any claim to the property, which Richard had owned prior to the marriage.

3. Naomi filed a motion to quash on grounds that Richard had not preserved the claim by filing post-trial motions. The Superior Court denied the motion to quash, as the Rules of Civil Procedure which were in effect at the time of the entry of the final divorce decree preclude the

The Superior Court affirmed the order awarding APL. This Court granted allocatur.

The contested language is contained in the first two clauses of the prenuptial agreement, which are exactly reciprocal provisions. In the first clause, Richard relinquishes rights in the event of a divorce or separation, and in the second, Naomi relinquishes precisely the same rights. The second clause reads as follows:

> 2. In the event of a divorce or separation, or in the event [Naomi] survives [Richard], then [Naomi] shall make no claim to any part or share of the real or personal estate or income or assets of [Richard] irrespective of the size thereof or of the manner of its acquisition or accumulation or of its appreciation or acquisition after marriage; and [Naomi] shall make no claim to and *she shall not be entitled to receive any money or property or alimony or support because of the divorce or separation of the parties* hereto or because of the death of [Richard]; and [Naomi] expressly waives, releases and relinquishes all her rights and claims and demands to any real or personal assets and property belonging to [Richard] or the Estate of [Richard], either as Wife or heir at law, for, under and by virtue of the laws of the Commonwealth of Pennsylvania or elsewhere, which she may ever have now or at any time in the future.

R.R., 12a–13a (emphasis added).

APL is defined in the Divorce Code as: "An order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S. § 3103. Clearly, since the agreement bars Naomi from receiving "money or property or alimony or support" because of a divorce or separation, she is barred from receiving APL, which is merely a type of support awarded in divorce cases.

The Superior Court thought otherwise due to its error in applying the rule of contract interpretation set forth in *In re Alloy Mfg. Co. Employees Trust,* 411 Pa. 492, 495, 192 A.2d 394, 396 (1963), namely that "specific provisions ordinarily will

filing of post-trial motions in claims involving APL. Pa.R.C.P.1920.52(b) (effective July 1, 1994).

be regarded as qualifying the meaning of broad general terms in relation to a particular subject." The Superior Court erroneously believed that without express mention of the specific term APL, the agreement could not bar entitlement to APL. *Musko v. Musko,* 447 Pa.Super. 150, 156, 668 A.2d 561, 564 (1995). This was an unfortunate misuse of the rule that when specific or exact provisions seem to conflict with broader or more general terms, the specific provisions are more likely to reflect the intent of the parties than the general provisions. *PBS Coal, Inc. v. Hardhat Mining, Inc.,* 429 Pa.Super. 372, 378, 632 A.2d 903, 906 (1993); Restatement (Second) of Contracts § 203(c) (1981); Restatement of Contracts § 236(c) (1932) ("Where there is an inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the meaning of the general provisions."). This precept mirrors similar reasoning which supports the rule that typewritten insertions in a contract should prevail over printed matter. *See Western Oil Fields, Inc. v. Pennzoil United, Inc.,* 421 F.2d 387, 389 (5th Cir.1970).

The precept has no application here. There is no apparent conflict between specific and general terms which would justify its use. The unambiguous meaning of the express language of the agreement, particularly in view of the entire first and second clauses, is perfectly consistent with the testimony of Richard explaining the agreement: "[I] didn't want anything of hers and she didn't want anything of [mine] whether it was assets, income, or anything." N.T., 5/7/92, at 84. The reciprocal covenants preclude either party from receiving anything of value in the event of divorce or separation, including support in the form of APL. *See Steuart v. McChesney,* 498 Pa. 45, 48–49, 444 A.2d 659, 661 (1982) ("when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement").

Accordingly, the order of the Superior Court must be reversed.

Order reversed.

CASTILLE, J., files a dissenting opinion in which CAPPY, J., joins.

CASTILLE, Justice, *dissenting*.

The majority's interpretation of the pre-nuptial agreement is contrary to this Commonwealth's established law concerning contract interpretation. Accordingly, I must dissent as I disagree with this Court's reversal of the Superior Court.

In Pennsylvania, prenuptial agreements are considered contracts and must be interpreted as such. *Simeone v. Simeone*, 525 Pa. 392, 581 A.2d 162 (1990). When the language of a contract is clear and unambiguous, its express terms will be given effect. *Steuart v. McChesney*, 498 Pa. 45, 444 A.2d 659 (1982). Where the terms of a contract are not clear, however, the ambiguous language will be interpreted most strongly against the drafter. *RKO–Stanley Warner Theatres, Inc. v. Graziano*, 467 Pa. 220, 355 A.2d 830 (1976). Moreover, unless the parties manifest a clear intent to the contrary, specific terms will be assumed to qualify general terms. *In re Alloy Manufacturing*, 411 Pa. 492, 192 A.2d 394 (1963). Finally, in interpreting a contract, courts must assume that the contracting parties were aware of the specific legal meanings given to terms used in the contract. *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 588 A.2d 1 (1991).

Here, the pre-nuptial agreement executed by the parties provides that Naomi Musko ("Wife") "shall not be entitled to receive any money or property or alimony or support because of the divorce or separation of the parties." Alimony, support and APL are each defined and governed by the Divorce Code, 23 Pa.C.S. § 3101 *et seq.* Various provisions of the Divorce Code relate to one, two or all three of these financial arrangements. *See, e.g.*, 23 Pa.C.S. § 3104 (courts may maintain jurisdiction over "the order of any spousal support, alimony, alimony pendente lite ..."); 23 Pa.C.S. § 3505 (courts may enjoin the disposition of property intended to defeat alimony pendente lite, alimony, child or spousal support); 23 Pa.C.S. § 3704 (titled "Payment of support, alimony and alimony pendente lite").

Alimony is defined as "an order for support granted by this Commonwealth or any other state to a spouse or former

spouse in conjunction with a decree granting a divorce or annulment." 23 Pa.C.S. § 3103. Alimony is available, based on a court determination of necessity, to either party only after the entry of a divorce decree. 23 Pa.C.S. § 3701(a).

"Support" as relevant to this appeal is an obligation to provide care, maintenance and financial assistance which arises out of a marital relationship. 23 Pa.C.S. §§ 3103, 4321. Because the duty to provide spousal support derives from the marital relationship, the duty terminates upon the final dissolution of the marriage by divorce. *Horn v. Horn,* 388 Pa.Super. 46, 47, 564 A.2d 995, 996 (1989).

APL is defined as "an order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S. § 3103. APL may be awarded, based on need, during the pendency of a divorce decree and throughout the appeal process, including after the entry of a divorce decree. 23 Pa.C.S. § 3702; *DeMasi v. DeMasi,* 408 Pa.Super. 414, 420, 597 A.2d 101, 104 (1991), *alloc. denied,* 535 Pa. 619, 629 A.2d 1380 (1993) (23 Pa.C.S. § 3706, which bars alimony where the recipient remarries, does not bar APL in the same circumstances). The purpose of APL is to put the parties on an equal footing during litigation surrounding a divorce. *Id.* at 421, 597 A.2d at 104.

Because the terms "alimony" and "support" each have specific meanings as defined by statute and case law, it must be assumed that the parties used those terms as defined. *Ruzzi, supra.* These terms as defined do not include APL. *Hutchison v. Hutchison,* 492 Pa. 118, 121 n. 1, 422 A.2d 501, 502 n. 1 (1980) ("Support is a cause of action separate and distinct from alimony pendente lite"); 23 Pa.C.S. § 3103 (defining alimony and alimony pendente lite separately). Thus, Richard Musko's ("Husband") argument, and the majority's conclusion, that APL comes within the broader terms "alimony" and "support" is incorrect.

Husband alternatively argues that APL is precluded by the

general term "money." [1]   However, that general term is qualified by the specific terms "alimony" and "support," which follow it.  *In re Alloy Manufacturing, supra.*  Because the language does not expressly include APL with alimony and support, APL is not waived merely by the use of a general term which *could* encompass it.  *Id.*  To the extent that the agreement could be read to waive APL under the general term "money," the language is ambiguous and must be construed against Husband as the drafter.  *RKO–Stanley, supra.*  Therefore, in the absence of specific language in the prenuptial agreement which expressly waives APL, Wife has not waived her right to receive APL if a court finds that such an award is merited under the statutory criteria of 23 Pa.C.S. § 3702.[2]  *Cf. Simeone, supra* at 397, 581 A.2d at 164 (wife was not entitled to APL because the pre-nuptial agreement specifically stated that APL was relinquished).

For the foregoing reasons, the majority's interpretation of this pre-nuptial agreement is inconsistent with this Commonwealth's precedent concerning contract interpretation.  Accordingly, I must dissent to the reversal of the Superior Court's opinion.

CAPPY, J., joins this dissenting opinion.

---

1.   Despite Husband's repeated assertion that the terms of the pre-nuptial agreement clearly and unambiguously preclude Wife from receiving APL, his reading of the agreement is inconsistent.  After arguing that Wife has waived any right to money, "which clearly must be alimony pendente lite," he states that the terms "money" and "property" refer to Husband's assets while the terms "alimony" and "support" apply to periodic payments in any form.

2.   Husband also argues in his appellate brief that the trial court abused its discretion in awarding APL because there were no issues in dispute other than the APL claim itself, and therefore Wife did not need financial resources to litigate the case.  However, this claim was not raised on direct appeal to the Superior Court or in the Petition for Allowance of Appeal to this Court and is therefore waived.  Pa.R.A.P. 302.