**Lois E. EBERSOLE, Appellant,**

v.

**Stewart D. EBERSOLE, Appellee.**

Superior Court of Pennsylvania.

Submitted March 16, 1998.
Filed May 21, 1998.
Reconsideration Denied July 29, 1998.

Donald B. Swope, Hellam, for appellant.

Jeffrey T. Bitzer, York, for appellee.

Before POPOVICH, OLSZEWSKI, and MONTEMURO,* JJ.

OLSZEWSKI, Judge.

The issue on this appeal is whether the availability of financial records creates full and fair disclosure of marital assets when a separation agreement contains no specific financial information. Finding Stewart Ebersole's (husband) financial disclosure adequate, the trial court upheld his post-nuptial agreement with Lois Ebersole (wife), and ruled wife waived the right to alimony pendente lite (APL) under the agreement. We reverse.

Wife presents the following question for our review:

I. IN THE CASE AT BAR, WAS SUFFICIENTLY FULL AND FAIR DISCLOSURE MADE TO THE APPELLANT CONCERNING THE APPELLEE'S ASSETS AND FINANCIAL CONDITION PRIOR TO HER EXECU-

---

* Retired Justice assigned to the Superior Court.

TION OF THE POST–NUPTIAL AGREEMENT SO AS TO MAKE THAT AGREEMENT BOTH ENFORCEABLE UNDER THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA AND AN EFFECTIVE WAIVER OF BOTH STATUTORY AND SUBSTANTIVE RIGHTS ON THE PART OF APPELLANT?

Appellant's brief at 2.

Wife and husband married on March 12, 1969, and separated in April 1995. On or about April 15, 1995, husband presented wife with a one-page separation and property settlement agreement (Agreement) that provided wife with the marital residence and one automobile. In return, wife waived her claims to all other property, spousal support, and alimony. On May 15, 1995, husband filed for divorce.

On March 26, 1997, wife filed a claim for alimony, APL, attorney's fees, costs and expenses, and equitable distribution of marital assets. Husband raised the April 15 agreement as a defense to all claims beyond the terms of that agreement. After a hearing on September 24, 1997, the trial court upheld the agreement and found that it barred wife's claim for APL. This appeal followed.

▮ In order for a post-nuptial agreement to be valid, the enforcing spouse must make full and fair disclosure of the couple's financial status as well as any statutory rights relinquished. *See Mormello v. Mormello*, 452 Pa.Super. 590, 682 A.2d 824, 828 (1996). "[W]hether adequate disclosure has been made will depend on the facts and circumstances of individual cases." *Id.* (citations omitted). Hence, we must determine whether husband fully and fairly disclosed the couples' assets to wife before she signed the April 15 agreement.

▮ The Agreement contains neither reference to property values nor significant enumeration of assets held by the couple. Though the agreement refers to specific real estate and automobiles, it does not provide their respective values. Furthermore, the Agreement only vaguely refers to the remaining property waived by wife as "all stocks, bonds, mutual funds, retirement plan,

personal banking checking accounts and all other financial assets accumulated through the marriage, not mentioned above, if any." We find this broad description wholly inadequate to provide wife with full and fair disclosure of the couple's assets. *See, e.g., Hess v. Hess*, 397 Pa.Super. 395, 580 A.2d 357 (1990) (full and fair disclosure requires that a "reasonable estimate of the worth of the assets must be attempted so that the general financial resources of the parties are not obscured"). Thus, we must look for some other circumstance that indicates wife was aware of the parties' worth.

Previously, we have found that significant involvement in the couple's financial affairs constitutes full and fair disclosure of marital assets. *See Mormello, supra* (relying on appellant's lack of involvement in spouse's financial affairs in finding appellant was not fully and fairly aware of marital estate); *see also Adams v. Adams*, 414 Pa.Super. 634, 607 A.2d 1116 (1992) (appellant's participation in her spouse's business and her knowledge of parties general financial resources sufficient for full and fair disclosure); *Nigro v. Nigro*, 371 Pa.Super. 625, 538 A.2d 910 (1988) (full and fair disclosure demonstrated where appellant had significant work experience in family pizza business). Instantly, however, the trial court found that husband managed the couple's assets and that wife had little or no involvement. *See* Notes of Testimony (N.T.), 9/24/97, at 61. Notwithstanding wife's lack of involvement, the record shows that she knew the location of the couple's financial information, that husband never prevented wife from accessing this information, and that the couple had several general discussions during their marriage about their overall worth. *See id.* at 26–28. These facts convinced the trial court, "that a fair and full disclosure of the parties' assets was made available to wife." Opinion, 11/5/97, at 1.

▮ Availability of information, however, is not equivalent to disclosure. Under the trial court's analysis, as long as a spouse is not prevented from investigating the couple's financial situation, full and fair disclosure is provided. This position finds no support in our caselaw. To the contrary, the caselaw

requires affirmative disclosure of relevant financial information unless there is clear evidence that the other party already possesses the information. *See, e.g., Mormello, supra.*

■ Moreover, the instant Agreement failed to disclose wife's statutory rights. The Agreement states, "Wife shall release her claim and right to marital support or alimony." This language may include APL. *See Musko v. Musko,* 548 Pa. 378, 697 A.2d 255 (1997). Although wife had the opportunity to consult with legal services, there is no evidence that wife was aware of this particular legal consequence. Again, it is incumbent upon the enforcing party to ensure their spouse is aware of the statutory rights relinquished. *See Mormello,* 682 A.2d. at 828. As that did not occur in this case, the Agreement is invalid.

Accordingly, we reverse the trial court's order and remand the case to the trial court for proceedings consistent with this opinion. Jurisdiction relinquished.