# Gerlach v. Gerlach

C.P. of Allegheny County, no. FD99-9160-003.

*Joanne Ross Wilder,* for plaintiff.
*Chris F. Gillotti,* for defendant.

BALDWIN, *J.,* February 18, 2000—Plaintiff Diane Gerlach, wife, appeals this court's December 7, 1999 order denying alimony pendente lite. Donald Gerlach, husband, and wife were married on July 30, 1983. This was the second marriage for both parties and both parties had children from their prior marriages. On July 28, 1983, two days prior to their marriage, the parties executed an antenuptial agreement. Neither party questions the validity of the agreement. The antenuptial agreement provides that husband pay wife $2,000 per month from the parties' date of separation for five years. Additionally, wife waives all claims for alimony and support in the agreement.

"In consideration of payment of the amounts detailed in paragraph B above[1] and $2,000 on the first of each month by G. Donald Gerlach to Diane L. Chase for five years from the date of separation or until the death, remarriage or the continuous co-habitation for 30 days by Diane L. Chase, whichever first occurs, Diane L. Chase hereby agrees to waive all other equitable distribution in the estate of G. Donald Gerlach acquired by G. Donald Gerlach prior to their marriage and to all claims for alimony and support. Nothing in this paragraph is intended to preclude the equitable distribution of property they or either of them acquire as a result of efforts expended during their marriage." July 28, 1983 antenuptial agreement, ¶5.01(C).

The parties separated on July 20, 1999. On August 13, 1999, wife filed a complaint for divorce which included a request for alimony pendente lite and counsel

---

1. Paragraph 5.01(B) of the parties' antenuptial agreement refers to the sale of the marital residence and the disbursement of the proceeds of the sale. (footnote added)

fees. The parties submitted briefs to this court concerning whether the antenuptial agreement precluded the award of alimony pendente lite and counsel fees. On December 7, 1999, this court entered the following order:

"And now, December 7, 1999, both parties consenting that the issues involving interpretation of the agreement as to alimony and counsel fees are submitted on briefs, it is ordered as follows:

"Under *Musko,* there is no claim for alimony pendente lite since the language in the agreement specifically states . . . 'Diane L. Chase hereby agrees to waive all other equitable distribution in the estate of G. Donald Gerlach acquired by G. Donald Gerlach prior to their marriage and to all claims for alimony and support.' However, the claim for counsel fees is allowed as it was not specifically waived under the agreement."

On December 29, 1999, wife filed an appeal from this court's December 7, 1999 order. In wife's appeal, she alleges that "[t]he court erred in finding that the antenuptial agreement bars wife's claim for alimony pendente lite."

A denial of alimony pendente lite is interlocutory and is not immediately appealable when the order does not dispose of all of the parties' claims incident to the divorce. *Shellhamer v. Shellhamer,* 455 Pa. Super. 526, 533, 688 A.2d 1219, 1222 (1997). See also, *Leister v. Leister,* 453 Pa. Super. 576, 579, 684 A.2d 192, 193 (1996); *Calibeo v. Calibeo,* 443 Pa. Super. 694, 697-98, 663 A.2d 184, 185 (1995). The parties have yet to conclude equitable distribution. Consequently, the instant appeal should be quashed. Wife's allegation of error will be addressed to allow a determination on the merits should the appeal not be quashed.

"Prenuptial agreements are contracts, and, as such, should be evaluated under the same criteria as are applicable to other types of contracts." *Simeone v. Simeone,* 525 Pa. 392, 400, 581 A.2d 162, 165 (1990). "Absent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." *Id.* "When interpreting a prenuptial agreement, the court, as in dealing with an ordinary contract, must determine the intention of the parties." *Raiken v. Mellon,* 399 Pa. Super. 192, 198, 582 A.2d 11, 13 (1990). "When the words of a contract are clear and unambiguous, the intent of the parties is to be discovered from the express language of the agreement." *Id.* "Where ambiguity exists, however, the courts are free to construe the terms against the drafter and to consider extrinsic evidence in so doing." *Id.* See also, *Williamson v. Williamson,* 402 Pa. Super. 276, 292-93, 586 A.2d 967, 975 (1991).

Alimony pendente lite is "allowable to either spouse during the pendency of a divorce action." *Nemoto v. Nemoto,* 423 Pa. Super. 269, 280, 620 A.2d 1216, 1221 (1993); 23 Pa.C.S. §3702. The court "may" allow reasonable alimony pendente lite "in proper cases." 23 Pa.C.S. §3702. "A grant of APL by the trial court is not a matter of right to either party." *Nemoto,* 423 Pa. Super. at 280, 620 A.2d at 1221.

Alimony pendente lite "means alimony or maintenance 'pending litigation' and is payable during the pendency of a divorce proceeding so as to enable a dependent spouse to proceed with or defend against the action." *Jayne v. Jayne,* 443 Pa. Super. 664, 678, 663 A.2d 169, 176 (1995). "Alimony pendente lite is designed to be temporary and is available to those who demonstrate the need for maintenance and professional services

during the pendency of the proceedings." *Id.,* 443 Pa. Super. at 678-79, 663 A.2d at 176.

Alimony pendente lite "is based on the need of one party to have equal financial resources to pursue a divorce proceeding when, in theory, the other party has major assets which are the financial sinews of domestic warfare." *Litmans v. Litmans,* 449 Pa. Super. 209, 222, 673 A.2d 382, 388 (1996). "APL focuses on the ability of the individual who receives the APL during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for that purpose, which turns on the economic resources available to the spouse." *Id.* at 223, 673 A.2d at 388. "In ruling on a claim for alimony pendente lite, the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties." *Id.* at 224, 673 A.2d at 389.

The instant case is governed by *Musko v. Musko,* 548 Pa. 378, 697 A.2d 255 (1997). In *Musko,* the parties executed an antenuptial agreement the day preceding their marriage. The agreement provided that wife "shall not be entitled to receive any money or property or alimony or support because of the divorce or separation of the parties." The trial court awarded alimony pendente lite and the Superior Court affirmed the award. The Supreme Court reversed, explaining that the Superior Court erred in finding that without the "express mention of the specific term APL, the agreement could not bar entitlement to APL." *Musko,* 548 Pa. at 381, 697 A.2d at 256. The Superior Court found there was conflict between specific and general terms. The Supreme Court found no ambiguity. *Id.*

As in *Musko,* in the case at bar, wife waived "all claims for alimony and support" in the parties' antenuptial agreement. Following *Musko,* the term "alimony" includes "alimony pendente lite." In wife's memorandum of law: The antenuptial agreement does not preclude an award of alimony pendente lite and counsel fees, wife attempts to distinguish *Musko.* Wife contends that in *Musko,* the wife was not entitled to any divorce-related economic relief, but filed for alimony pendente lite regardless. The language of paragraph two of the parties' antenuptial agreement in *Musko,* printed in the opinion, did not preclude equitable distribution of property jointly acquired by the parties during their marriage.[2] In *Musko,* the parties were married for just over one year when they separated, thus joint property may not have been acquired.

In the case sub judice, wife waived all claims for alimony and support. Additionally, a provision was made in the antenuptial agreement for husband to pay wife $2,000 per month for five years, beginning with the date of separation. The agreement did not term the $2,000 per month payment "alimony." The agreement anticipated equitable distribution of property acquired by the parties during the marriage. Clearly, then, the $2,000 per month payment was either alimony pendente lite (as it was anticipated to be paid during the pendency of the equitable distribution litigation as the payment was to begin with the date of separation) and alimony or a sum

2. Paragraph 2 of the *Musko* antenuptial agreement provides that wife "shall make no claim to any part or share of the real or personal estate or income or assets of [Richard] irrespective of the size thereof or of the manner of its acquisition or accumulation or of its appreciation or acquisition after marriage . . . ." *Musko,* 548 Pa. at 380, 697 A.2d at 256. This language does not preclude wife from being awarded property acquired in both parties' names during the marriage.

in lieu of both. Wife employed an attorney to advise her with respect to the antenuptial agreement. Wife cannot now claim that she intended to collect both alimony pendente lite and the $2,000 per month provided for in the antenuptial agreement simultaneously.

The parties do not dispute the validity of the antenuptial agreement, thus they should be bound by the terms of the agreement. For the foregoing reasons, the order of court dated December 7, 1999 should be affirmed.