**Thomas v. Thomas**

C.P. of Lawrence County, No. 271 of 2009, D.R.

*Richard L. Ducote*, for Holly Thomas.
*Stephanie T. Anderson*, for Kevin Thomas.

PICCIONE, *J.*, November 12, 2013—Before the court for disposition are competing exceptions to the report and recommended order entered by the equitable distribution master. Kevin Thomas (hereinafter, "husband"), and Holly Thomas (hereinafter, "wife"), were married on December 31, 1999 and separated on June 1, 2004. Wife is currently 38 years old and is presently employed part-time as a dietician. Wife has not worked full time since the birth of the parties' only child, Connor Thomas, born February 10, 2001. Husband is 45 years old. Husband received his doctorate in osteopathy in 1998 and specializes in family medicine and neuromuscular skeletal medicine.

The parties' minimal marital assets included a joint account with National City Bank, a savings account with GNC Community Federal Credit Union and the marital residence. These assets were all subject to equitable distribution. Wife also made a claim for alimony and request that husband be ordered to provide continuous health insurance coverage on her behalf. Following the equitable distribution hearing, the master entered a report and recommended order dividing the marital estate with 80% being awarded to wife and the remaining 20% being awarded to husband. The master further recommended that wife's request for alimony be denied, and that husband only be required to provide wife with health insurance coverage for six months to allow wife a reasonable period of time to obtain appropriate health insurance.

The parties each filed timely exceptions to the master's report and recommendations. Husband contends that the master committed the following errors:

1. The master erred in recommending that the marital estate be divided 80% to wife and 20% to husband.

2. The master erred in recommending that husband pay wife's COBRA (health insurance) expenses for six months after the entry of the divorce decree.

3. The master erred in recommending that wife's spousal support terminate upon entry of the divorce decree and not at an earlier period of time.

4. The master erred in finding that husband engaged in marital misconduct.

Wife listed six exceptions to the master's report and recommendations, with each of these exceptions being based upon the master's recommendation that wife's alimony terminate upon entry of the divorce decree. Wife references specific factual findings made by the master in reaching a determination regarding alimony, and wife alleges that these findings were an abuse of the master's discretion.

In disposing of the exceptions filed by the respective parties, the court observes that while a master's report is advisory only, it is to be given great deference. *Fiorelli v. Fiorelli*, 195 A.2d 369 (1964); *Morschhauser v. Morschhauser*, 516 A.2d 10 (1986). A reviewing court has a duty to make a complete and independent review of the proceeding below. *Rollman v. Rollman*, 421 A.2d 755 (1980).

In reviewing master's considerations, the report should be given "fullest consideration" particularly on issues of credibility. *Kohl v. Kohl*, 564 A.2d 222 (1989). The review is intended to discover inherent improbabilities in the stories of the witnesses, inconsistencies and contradictions,

bias, interest, and opposition to incontrovertible physical facts by which credibility may be ascertained. *Rollman, supra.* However, because the master is the person hearing the testimony and observing the demeanor and appearance of the witness, any issue of credibility must be resolved by giving the master's findings the fullest consideration. *Rorabaugh v. Rorabaugh,* 448 A.2d 64 (1982). With this standard in mind, the following is a discussion and disposition of the parties' exceptions.

## Husband's Exception 1

In his first exception, Husband contends that the master erred in the overall distribution of the parties' marital estate. Husband argues for a distribution that reflects a more even allocation of the assets. In disposing of husband's first exception, the court notes that a trial court has broad discretion in fashioning equitable distribution awards. *Isralsky v. Isralsky,* 824 A.2d 1178, 1184 (Pa. Super. 2003). The divorce code provides that a trial court

> shall...equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties in such proportions and in such manner as the court deems just after considering all relevant factors....

23 Pa.C.S. §3502(a). Thus, the affirmed objectives of the divorce code are to "effectuate economic justice between the parties...and insure a fair and just determination of their property rights." *Anzalone v. Anzalone,* 835 A.2d 773, 785 (Pa. Super. 2003). Moreover, a trial court has "the authority to divide the award as the equities presented in the particular case may require." *Drake v. Drake,* 555 Pa. 481, 725 A.2d 717, 727 (1999).

The master specifically discussed each factor to the

extent that they were applicable to the facts relative to this case. The master was aware of and commented on each provision that resulted in wife being awarded a distribution fashioned in her favor. Specifically, the master addressed the parties' current and future earning capacities, the difference in ability to acquire future assets, and the assets already obtained by each party. The court finds that the master did not abuse his discretion in his division of the marital assets. The master effectuated economic justice by finding that the factors favored wife over husband and, thus, recommended an appropriate division of the marital property.

Accordingly, husband's exception 1 is denied.

## Husband's Exception 2

In his second exception, husband contends that the master erred in recommending that husband pay wife's COBRA (health insurance) expenses for six months after the entry of the divorce decree. Husband argues that the master's recommendation is merely an alternative award of alimony, to which the master determined wife was not entitled. Upon careful review of the transcripts from the equitable distribution hearing and the master's report, the court sustains husband's second exception. It is clear that requiring husband to pay for wife's COBRA insurance coverage is a supplemental form of alimony. Given the master's thorough analysis of the statutory factors prescribed by §3701 of the divorce code, the court cannot rectify the discrepancy in the master's recommendation. It is error to require husband to pay for wife's medical benefits given the master's recommendation and the court's conclusion that wife is not entitled to alimony. Husband's exception 2 is therefore granted.

Husband's Exception 3 and Wife's Exceptions

Husband next argues that the master erred recommending that husband's spousal support obligation terminate upon entry of a divorce decree and not at some earlier period of time. Wife's exceptions to the master's report and recommendation alternatively argue that the master erred in not awarding alimony. The court will address each of the parties' respective arguments in this discussion to succinctly dispose of this issue.

Spousal support is derived from the marital obligation and is designed to ensure the receiving party a reasonable living allowance. This duty, however, may be terminated when the marriage ends. *Purdue v. Purdue*, 580 A.2d 1146, 1148 (Pa. Super. 1990). The obligation to support a dependant spouse continues until it is shown that the conduct of the dependent spouse provides a ground for divorce. Thus, while the parties are still legally married, the payor spouse continues to have an obligation of support. *King v. King*, 568 A.2d 627, 631 (Pa. Super. 1989).

Husband has provided wife with spousal support since the parties' separation on June 1, 2004. The master correctly notes that husband has been paying support for a period of time in excess of two times the length of the parties' marriage. Although husband's support obligation had an extensive duration, the parties remained legally married for the entirety of the award. Thus, the court finds no merit in husband's argument that his obligation should have terminated prior to the entry of a divorce decree. Husband's exception 3 is therefore denied.

Wife alternatively argues that she should be entitled to alimony. Section 3701 of the Pennsylvania Divorce Code sets forth the necessary factors that must be considered

when determining whether to enter an award of alimony. 23 Pa. C.S.A. §3701(b). The court has thoroughly reviewed the master's report where he specifically addresses each of the requisite factors set forth in section 3701. The court finds that the master carefully considered all of the relevant factors and placed appropriate weight upon each factor in reaching an overall recommendation regarding alimony. The master's factual findings are supported by the record, and the court therefore concludes that wife's exceptions to the master's report and recommended order are also without merit. Wife's exceptions are therefore denied in their entirety.

## Husband's Exception 4

Husband's last exception contends that the master erred in finding that husband engaged in marital misconduct. After a careful review of the transcripts from the equitable distribution proceedings, the court finds that the master's factual finding is supported by the testimony and evidence presented. *See e.g.*, N.T. July 22, 2013, pp. 33-34. Husband's exception 4 is therefore denied.

Having fully addressed the exceptions filed to the report and recommended order of the equitable distribution master, the court will enter the following order of court consistent with this opinion.

## ORDER OF COURT

And now, this 12th day of November, 2013, with this matter being before the court for argument on competing exceptions to the report and recommendations of the equitable distribution master, with Stephanie T. Anderson, Esquire, appearing on behalf of Kevin Thomas, and with Richard L. Ducote, Esquire, appearing on behalf of Holly Thomas, and with the court considering the exceptions

filed on behalf of the respective parties, in addition to thoroughly reviewing the report and recommendations of the esquitable distribution master, the court makes the following findings and hereby orders and decrees as follows:

1. Kevin Thomas' exceptions 1, 3 and 4 are denied.

2. Kevin Thomas' exception 2 is granted.

3. Holly Thomas' exceptions 1,2,3,4,5 and 6 are denied.

4. All provisions of the master's recommended order, not inconsistent with this order of court, are affirmed and fully incorporated herein as a final order of court.

5. The prothonotary shall properly serve notice of this order of court and attached opinion upon counsel of record for the parties and upon any unrepresented party at their last known address as contained in the court's file.